**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**
**VERIFIED COMPLAINT**

PATRICIA A. GRANT, PhD
Plaintiff

vs.

STATE OF WASHINGTON

*FILED   RECEIVED   LODGED*
*OCT 30 2015*
*BY   CLERK U.S. DISTRICT COURT*
*WESTERN DISTRICT OF WASHINGTON AT TACOMA*
*DEPUTY*

**C15 1713 JLR**

*Jury Trial*

Jay White (Retired), Judge,

Ronald E. Cox, Judge

Richard F. McDermott, Judge

Stephen J. Dwyer, Judge

Susan Craighead, Judge

Chief Justice Barbara Madsen

Cheryl B. Carey, Judge

Michael S. Spearman, Judge

Justice Susan Owens

Justice Debra L. Stephens

Justice Steve C. Gonzales

Justice Mary Yu

WA State Commission on Judicial

Conduct

Bob Ferguson, WA State Attorney

General

Jeffery T. Even, WA State Deputy

General

Claudio Gabriel Alperovich, MD

Pacific Medical Center. Inc.

U.S. Family Health Plan @

Pacific Medical Center, Inc.

Lisa Oswald, MD

Shoba Krishnamurthy, MD

WM. Richard Ludwig, MD

University of WA School of Medicine

Michele Pulling, MD

Virginia Mason Health System

Richard C. Thirlby, MD

Valley Medical Center

Michael K. Hori, MD

Triet M. Nguyen, DO

Defendants.

1

## I. LEGAL JURISDICTION.

28 U.S. Code § 1331 –Federal Question

28 U.S.C. § 1654 (1982) – Personal Appearance

28 U.S. Code § 1732 -1733- Evidence Records

42 U.S.C. §1983- Deprivation of Rights

Americans with Disabilities Act of 1990 ("ADA") – 42 U.S.C. 12131-12134,

42 U.S.C. 12131(1)(A) and (B)Titles I and V [Vol. 42 U.S.C. Section 12101] Title II 42 U.S.C. 12101(a)(2),

 Americans with Disabilities Act Amendments Act of 2008 - ("ADAAA") [Amended Sections 12101, 12102, 12111 to 12114, 12201 and 12210 of the ADA and section 705 of the Rehab Act], [Enacted sections 12103 and 12205a] and [Redesignated sections 12206 to 12213] and [ADAAA findings and purposes not codified],

Rehabilitation Act (1973) Title II, Section 504 Rehabilitation [29 U.S.C. 794]

Civil Rights Act (1964) Title VI [42 U.S.C. 2000d et seq.],

The Civil Rights Act of 1991("CRA") – [Amended Sections 101(4), 102 and 509 of the ADA], [Section 1977 (42 U.S.C. 1981)], [Violations of Title VII, the ADA],

42 U.S.C. § 2000d-7 (a)(1)(2) – Denial of State Immunity

42 U.S.C. 12202   -Denial of State Immunity

42 U.S.C. 12112(b)(5)(A) –Undue hardship –Reasonable Accommodations

FRCP:  8 (f)(e),

FRCP 56(c)

RCW 7.70.150 Washington State – Medical Malpractice

RCW 4.92.060, .070, .075, .090, .100, .110, .120

Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.],

Fed. Reg. 24314-22,  29 U.S.C. § 794(b)(1)(B),

U.S. Constitution 1st, 8th & 14th Amendments

Washington State Court Rules 33 (e)

Washington State Judicial Canons (1)  & (2), 29 U.S.C. § 794a)

American Medical Association's ("AMA") Code of Ethics sections 1, 2, and 8

*Cooper v. Aaron (1958)* - Holding: States cannot nullify decisions of the federal courts.

*Celotex Corp. v. Catrett, 477 U.S. 317 (1986)* – Ultimate burdens of production, persuasion, and

proof at summary judgment, by moving party

*Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)* – Genuine material fact – reasonable

evidence returning verdict for the nonmoving party

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986)* - Genuine
issue of material fact exists - facts and all reasonable inferences drawn from facts are in the light
most favorable to the nonmoving party

*Putman v. Wenatchee Valley Med. Ctr., PS* – Washington Supreme Court – denial of court
access.

*John Doe v. Puget Sound Blood Ctr.,* 117 Wash.2d 772, 780, 819 P.2d 370 (1991).

II. PARTIES.

PLAINTIFF:  Patricia A. Grant, PhD[1], 1LT USAF Retired,  Pro Se, Non-Instutionalized

(Criminal or Mental), Black female, 100% Disable Veteran, individual with mental - behavioral

health diagnoses and disability respectively- within the meaning of American Disability Act

("ADA") 42 U.S.C. § 12102; 28 C.F.R. § 36.104 (4)(i); and Americans with Disabilities Act

Amendments Act ("ADAAA") of 2008, 2010.

DEFENDANTS:

    1. WASHINGTON STATE – Collectively "Judicial Defendants":

| | | |
|---|---|---|
| Jay White (Retired), Judge, MRJC Superior Court of King County, WA | Ronald E. Cox, Appellant Judge, Court of Appeals Division I, Seattle, WA | Justice Gonzalez, Department II, Washington State Supreme Court |
| Richard F. McDermott, Presiding Judge, King County Superior Court | Stephen J. Dwyer, Appellant Judge, Court of Appeals Division I, Seattle, WA | Justice Yu, Department II, Washington State Supreme Court |
| Susan Craighead, Asst Presiding Judge, King County Superior Court | Chief Justice Madsen, Department II, Washington State Supreme Court | Washington Commission on Judicial Conduct |
| Cheryl B. Carey, MRJC Chief Judge, King County Superior Court | Justice Owens, Department II, Washington State Supreme Court | Bob Ferguson, Washington State Attorney General |
| Michael S. Spearman, Chief Appellant Judge, Court of Appeals Division I, Seattle, WA | Justice Stephens, Department II, Washington State Supreme Court | Jeffery T. Even, Washington State Deputy Solicitor General |

---

[1]Exhibit 1 - Patricia A. Grant, PhD – DD 214, VA Award Ltr, Education confirmation, and Research Publication Verification, Legally Sworn Affidavit & Curriculum.

2. MEDICAL - Collectively "Medical Defendants":

| | | | | |
|---|---|---|---|---|
| Claudio Gabriel Alperovich, MD Bariatric & General Surgeon | Triet M. Nguyen, DO Psychiatrist | Lisa Oswald, MD Primary Care Provider ("PCP") | U.S. Family Health Plan @ Pacific Medical Center, Inc. ("USFHP") Military Health Insurance Carrier | Michele Pulling, MD Gastroenterologist |
| St Francis-Hospital Franciscan Health System | Michael K. Hori, MD Infectious Disease Control | Shoba Krishnamurthy, MD Gastroenterologist | Virginia Mason Health System | Univ. WA School of Medicine |
| Valley Medical Center ("VMC") | Pacific Medical Center, Inc. ("PacMed") | WM. Richard Ludwig, MD USFHP –Chief Medical Officer | Richard C. Thirlby, MD Bariatric & General Surgeon | |

## III. PREVIOUS LAWSUITS.

A) Parties to this previous lawsuit (s):  June 15, 2015, Dr. Grant simultaneously

exercised two-cause of actions, medical malpractice - the stigma of mental- behavioral

health discriminatory treatment, against the Seattle Healthcare Defendants ("SHD").

B) Court and Name of District:

    1) June 15, 2012:  Medical Malpractice – Filed–  MRJC King County, WA Superior

        Court (Grant vs. Alperovich, MD, et al. #12-2-20677-5 KNT), and

    2) June 15, 2012: Civil Rights -# 446 AD A – Federal Western District Seattle (2:12-

        cv-01045 RSL).

C)  Federal Docket #: Grant vs Alperovich, MD, et.al- #12-1045 RSL

D) Federal Assigned Judge: - Robert S. Lasnik

E) Dispositions:

    1) WA State Appellant Court Division I (Grant v. Alperovich, MD, et.al - #69643-2),

    2) WA State Supreme Court (Grant v. Alperovich, MD, et.al - #90429-4) WA State

       disposition:  October 7, 2014.

    3) Federal ADA Claims: Judge waived Defamation Cause of Action - Waived back to WA

State judiciary - Case currently before 9th Cuircut Court of Appeals (Grant vs. Alperovich, MD,

et.al - #14-35288).

F) Lawsuits filing Dates:  June 15, 2012 – Both Claims (State and Federal)

G) Approximate dates of disposition(s):

    1) WA State Medical Malpractice: October-November 2012, March 2013;

    2) WA State Malpractice Appellant Court I - Appeal -  May 2014;

    3) WA State Malpractice Supreme Court Appeal – October 2014;

    4) Federal ADA – April 2014 – Oct. 2015- 9th Circuit Court of Appeal – Ruling Pending.


## IV. COMPLIANT.

### A. PREFACE.

    Dr. Grant appears claiming mental-behavioral health ADA and ADAAA

accommodations violations, and other tortuous actions by the judicial defendants denying

**judicial immunity**; therefore, denying  medical defendants **res judicata immunity** case

dismissals.

    The preponderance of Dr. Grant's arguments and evidence, as covered under the afore

cited human-civil rights "equal protection" and "due process" laws establishes case prima facia:

Dr. Grant alleges mental-behavioral medical profiling and pro se litigant biasness; judicial defendants are directly and indirectly joint medical malpractice tortfeasors (constitutional tort and willful tort). These defendants have breached their legal duty of objective ruling and application of the law protecting Dr. Grant's human-civil rights as covered under ADA, ADAAA, U.S. Constitution 14th Amendment, and other afore cited laws.

Judicial defendant's medical malpractice case dismissals were based on technicalities, constitutional- vague, and disparate pro-se litigant local practices, deliberate FRCP 56(c) violations, judicial activism, and other afore cited laws.

These defendants' denied Dr. Grant entitled legal considerations and application of the afore cited legal protection laws, which she supports with a plethora of material evidence - documentation, medical records, expert witness testimony, etc. – supporting case prima facia and factual patterns - warranting court entry.

The preponderance of Dr. Grant's tort claims - intentional, negligent, economics, medical, constitutional, and willful- taken with a plethora of evidence and afore cited laws - grants her full court access to seek relief for the damages incurred and deter others from committing the same harms.

## B. HARMS.

1) Psychical: Medical neglect causing permanent oral neuropathic pain (Burning Mouth Syndrome).

2) Career: Pre-existing health exacerbations denies medical work release, due to medical profiling, misdiagnoses, judicial harassment, and willful negligence, false claims of mental illness, insanity, and psychological discrimination.

3) Financial: Educational loans and interests, litigation and court cost, healthcare, and credit debt incurred due to depleted disability income.

4) Mental Anguish and Emotional Duress: Public humiliation, dehumanizing judicial and medical mistreatment, termination of rehabilitation and career objectives - due to errant and erroneous medical diagnoses of psychosis or insanity – Dr. Grant's complaints of denied medical mistreatment and legal denials– legal and medical defendant's personal and professional joke.

5) Rehabilitation: Neurasthenia - nervous exhaustion and exacerbation to pre-existing health terminated Dr. Grant's rights to:

(A) live independently; (B) enjoy self-determination; (C) make choices; (D) contribute to society (E) pursue meaningful careers; and (F) enjoy full inclusion and integration in the economic, political, social, cultural, and educational mainstream of American society.

## C. SUMMARY: JUDICIAL DEFENDANTS.

State court rulings and actions raises plausible questions of "judicial activism – conflict of interest" - as matters of fact and law resides on defendant's disregard of afore cited equal protection and due process laws, taken jointly with denials for reasonable mental-behavioral health U.S.C. 42 ADA accommodation requests, upholding summary dismissals.

Dr. Grant appeared before defendants with claims of medical profiling discrimination raising two valid legal cause of actions- Medical Malpractice (WA State RCW: 7.70) cause of action – Filed June 15, 2012: Grant vs. Alperovich, MD, et al. #12-2-20677-5 KNT.

Superior judge denies her court access, subjects her to mental health inaccessible and hostile courtroom environment; granting summary judgment dismissals based on missteps, technicalities, unconstitutional local practices, and questions of judicial activism or professional conflict of interest.

8

She appeals to WA State Appellant Court Division I[2] (Grant vs. Alperovich, MD, et.al - #69643-2), with administrative complaints submissions to:

1) Washington Commission on Judicial Conduct, 2) Richard F. McDermott, Presiding Judge, King County Superior Court, 3) Susan Craighead, Asst. Presiding Judge, King County Superior Court, and 4) Cheryl B. Carey, MRJC Chief Judge, King County Superior Court, of: ng:

Dr. Grant supports her appellant complaints with responsive arguments and documentation:

1) Denial of reasonable and required mental- behavioral health American Disability Act (ADA) accommodations request, 2) Judicial Biasness, 3) Denial of Discovery - Barred Court Access, 4) Hostile Courtroom Environment, 5) Disparate Treatment - Pro Se Litigant Same Standards as Attorney local practices,

6) Denial of 14th Amendment Equal Protection Close, 7) Violation of Judicial Cannons, 8) Expert Witness Letter synonymous with stricken RCW 7.70.150 Certificate of Merit, 9) Expert Witness Affidavit –Letter Timeliness, 10) Expert Witness Qualifications, 11) Professional Conflict of Interest,

12) Submission of WA State –Letter of Informed Surgical Consent –further establishment of case prima facia, 13) FRCP Rule 56(c) -Rush to Summary Judgment,  and 14) judicial activism.

## D.  CLAIMS: JUDICIAL DEFENDANTS.

### I. JAY WHITE – SUPERIOR JUDGE (RETIRED).

October 29, 2012 – Non-Oral Hearing– ruled jurisdiction case dismissal for Michele

---

[2]Exhibit 2- Court of Appeals – Opening Brief and Declarations.

Pulling, MD, ("Dr. Pulling"), fails to read Dr. Grant's original complaint, rules her case frivolous focusing on word "water," written in responsive pleadings[3].

November 12, 2012 – Hearing[4] - Created mental-behavioral health and pro se litigant hostile courtroom environment and judicial process by:

1) Continuously terminating defense replies, 2) Not allowing individual responses to each moving party, 3) Denied reasonable mental-behavioral health ADA accommodations requests to "Read" written into court record, 4) Instituted a constitutionally vague and undefined "same standard as attorney" standard, 5) Rule 56(c) case dismissal contrary to federal and state court Supreme Court rulings, 8) Allowed testimony from outside counsel, and 9) Mocks the judicial process with derogatory, insulting, non-verbal communication, and physical actions avoiding court tape recorders.

## II. RICHARD F. MCDERMOTT, PRESIDING KING COUNTY SUPERIOR COURT JUDGE.

Recuses himself from Dr. Grant's complaint passes to his assistant judge[5].

## III. SUSAN CRAIGHEAD, ASST. PRESIDING KING COUNTY SUPERIOR COURT JUDGE.

No reply to Judge's referral.

## IV. CHERYL B. CAREY, MRJC CHIEF KING COUNTY SUPERIOR COURT JUDGE.

Struck Dr. Grant's complaint, office told Dr. Grant to get a lawyer[6].

---

[3]Exhibit 3 –Judge White's Dismissal Orders.
[4]Exhibit 4 – November 12, 2012 –Court transcripts.
[5]Exhibit 5- Judge McDermott recusal and referral letter.
[6]Exhibit 6- Judge Carey's orders.

## V. WASHINGTON COMMISSION ON JUDICIAL CONDUCT.

Failed to respond to Dr. Grant's first complaint, stated no action take on her second complaint[7].

## VI. COURT OF APPEAL, DISTRICT I., SEATTLE, WA[8]:

1) MICHAEL S. SPEARMAN, CHIEF APPELLANT JUDGE,
2) RONALD E. COX- APPELLANT JUDGE, and
3) STEPHEN J. DWYER – APPELLANT JUDGE.

Chief Spearman's reply is in direct contradiction with federal and state rule 56(c) rulings, and a plethora, and discriminatory judicial procedural to federal and state Supreme Court rulings – Raising legal questions of judicial activism, as outline in Dr. Grant's Appeal Response Brief[9].

 1) No human-civil rights violations including U.S.C. 42 ADA, 2) Justifies Pro Se litigant Same Standards as Attorney local practices, 3) Indifference to WA State Inform Surgical Consent, 4) Indifference to Expert Witness Affidavit, 5) Upholds arbitrary FRCP Rule 56(c) case dismissals, 6) Indifference to case factual patterns, 7) Indifference to case prima fascia prior and Grant's 14th Amendment "due process and equal protection" human-civil rights. Washington State Supreme Court rejects Dr. Grant's case during summary judgment, 8) Upheld unconstitutional local practices, 9) Identifies under representation and eludes to admonishment, 10) Upheld mental-behavioral health hostile judicial proceedings, 11) Compliments Superior Judge, 12) Upholds case dismissals, 14) Award defendants legal fees, and 15) Indifference to the preponderance of evidence denying Dr.

---

[7]Exhibit 7- Judicial Commission Letters.
[8]Exhibit 8- Appeal Court Ruling
[9]Exhibit 9- Appeal Responsive Brief

## VII. WASHINGTON STATE SUPREME COURT DEPARTMENT II.

1) BARBARA MADSEN, CHIEF JUSTICE,
2) SUSAN OWENS, JUSTICE,
3) DEBRA L. STEPHENS, JUSTICE,
4) STEVEN C. GONZALEZ, JUSTICE, and
5) MARY I. YU, JUSTICE.

In her petition to the Washington State Supreme Court [10], Dr. Grant brings forward evidence, federal and state laws (codes, statutes, and case) – supporting her comprehensive material questions of facts and laws: 1) Unconstitutional and mental health hostile local practices, 2) Judicial Activism, and Professional Conflict-of-Interest, 3) Multi-protected class citizen judicial disparity) Institutionalized mental-behavioral health discrimination, 4) Retaliation, and 7) 14th Amendment "equal protection" and "due process" clauses violations.

Defendant' Motions to Strike Dr. Grant's Petition, although learned counsel cites her valid U.S.C. 42 ADA accommodations claims, he alludes to racial disparity, and defendant's Motions granted – Dr. Grant's petition stricken by presiding justices[11].

## VIII. OFFICE OF WASHINGTON STATE ATTORNEY GENERAL.

1) Bob Ferguson – Attorney General ("Atty Gen. Ferguson) - Respondeat Superior

As matter of law, November 8, 2014, Dr. Grant request a right to sue letter that was delegated to Jeffery T. Even - Deputy Solicitor General.

2) Jeffery T. Even - Deputy Solicitor General ("Deputy Even") – In response to Dr. Grant's November 8, 2014 letter[12], Deputy Even declines her right to sue letter request, informing that her ADA denial of mental-behavioral health accommodations was not of.

---

[10] Exhibit 10 - WA State Supreme Court Opening Brief.
[11] Exhibit 11 – WA State Supreme Court Order.
[12] Exhibit 12 – Dr. Grant's November 8, 2014 letter –Washington Attorney General

important to Washington taxpayers, and he was not interested in providing representation[13]

### E. SUMMARY: MEDICAL DEFENDANTS.

At the time of her injuries, Dr. Grant was a patient and insured of the medical defendants, receiving medical treatment for post gastric bypass complications. She supported her claims and legal questions with judicial submissions of - exhibits, medical records, documentation, and Washington State Surgical Inform Consent ("SIC")[14], covered under RCW 7.70: 1) Medical neglect, 2) Misdiagnoses, 3) Failure to diagnoses, 4) Failure to treat, 5) Failure to render reasonable and proper medical standards of care, 6) Breach of duty owed, and 7) Deviation from reasonable medical standards causing afore cited harms.

June 19, 2009, Dr. Grant underwent gastric bypass surgery; within 10-days after surgery, she develops complications from a post gastric bypass hernia – identified July 13-14, 2009[15]. Although Dr. Grant's medical records were replete with known risks, complications and treatment requirements for post-gastric bypass patients, she endures:

1) Psychiatric generalizing and labeling, 2) Placation psychiatric medical treatment, 3) Physical and mental health misdiagnoses, 4) Fraudulent representation prescriptive drugs, 5) Denials of required and recommended corrective surgery, 6) Failure to treat identified fatal small bowel blockage, 7) Failure to treat angulated and twisted bowels, 8) Failure stop lingual sense organ damage (Oral Neuropathy), and 9) Failure to treat gastric hematoma (internal bleeding), 10) Failure to treat identified post-gastric-bypass, 11) Failure to treat nine months of intravenous feedings, 12) Release from medical insurance, and 13) Trip to New York, NY for life-threatening emergency surgery.

---

[13] Exhibit 12 – Deputy Even's Reply Letter
[14] Exhibit 13 – Surgical Informed Consent.
[15] Exhibit 14- Dr. Alperovich July 13-14, 2009 - Examinations

## F. CLAIMS: MEDICAL DEFENDANTS.

Dr. Grant was a patient and insured of the medical defendants who had a duty to review her complete post gastric bypass treatment history, and listen to her request of historical medical findings. At the time of her court hearing, she met her medical malpractice tort prima fascia claims and burden of proof:

### I. CLAUDIO GABRIEL ALPEROVICH, MD – SURGEON.

As Dr. Grant's gastric bypass surgeon, Dr. Alperovich owed her the duty of following the post-gastric bypass standards of care - directed by his SIC form. He grossly breached his duty by diagnosing a psychotic break and recruiting Dr(s) Hori and Nguyen to assist with this discriminatory health plan.

Dr. Alperovich's psychiatric bias diagnoses comes after supporting his nurse's phone diagnoses of "thrush," while he disregarded his July 13-14, 2009 medical examinations. This unreasonable breach and deviation from his surgical duties owed to Dr. Grant, defamed her sane cognitive reasoning abilities – subjecting her to nine months of suffering, mental anguish and the afore cited harms.

### II. PACIFIC MEDICAL CENTERS INC[16]. – Taken jointly "PACMED" Defendants.

#### 1) LISA OSWALD, MD – PRIMARY CARE PROVIDER ("PCP"):

In accordance to PACMED's philosophy, Dr. Oswald owed Dr. Grant a patient-focused duty, putting her needs first. July 13-14, 2009 – she referred Dr. Grant for hospitalization and

---

[16] Respondeat Superior- Vicarious Liability.

post gastric-bypass examinations, under the care of Dr. Alperovich. Although Dr. Oswald had a

duty to advise Dr. Grant of her referral findings, examinations, and treatment plans, she grossly

breached this duty with repeated denials of Dr. Grant's request for medical findings and second

opinion referral, while she was implement Dr. Alperovich's discriminatory psychiatric placation

treatment plan.

Dr. Oswald's gross negligence, and unreasonable breach and deviation the patient needs

duty promised Dr. Grant – directly contributing to Dr. Grant's mental anguish, long suffering

and afore cited harms.

### 2) SHOBA KRISHNAMURTHY, MD – GASTROENTEROLOGISTS &

### 3) MICHELE PULLING, MD – GASTROENTEROLOGISTS.

At time of treating Dr. Grant, Dr. Pulling was a student, intern, resident, or employee of

PacMed – an issue requiring legal clarification:

As gastroenterologists, these two healthcare providers owed Dr. Grant the duty to -

review all of her post-gastric bypass medical treatments, and apply their expertise in diagnosing

and treating her intestine problems- void of mental health and any other form of stereotyping,

biasness or profiling.

These two doctors jointly breached this duty – when they failed to provide a

comprehensive look at all Dr. Grant's hospital stays, medical examinations, identifying a post

gastric-by pass hernia a commonly known risks - requiring surgical corrections, as stated in Dr.

Grant's SIC form and part of her medical records.

By adhering to Dr. Alperovich's discriminatory psychiatric placation medical treatment

plain, these doctors fails to diagnose, treat, or honor Dr. Grant's requests for review of his July-

August 2009 medical examinations, thus breaching their patient needs first duty owed to Dr.

Grant. This deviation of reasonable standards of care includes canceling a specialized internal

examination, and deliberate falsifying psychosis prescription drugs, their contribution to the proposed psychiatric placation treatment plan.

These doctors willful negligence, breach, and deviation of duty owed to Dr. Grant initiates her USFHP complaint, furthering mental health discrimination and biasness, blockage of required and recommended corrective medical surgery, furthering the long-suffering, mental anguish, and the afore cited harms.

   4) U.S. FAMILY HEALTH PLAN @ PACIFIC MEDICAL CENTERS INC. - "USFHP" &
       5) WM. RICHARD LUDWIG, MD – USFHP CHIEF, MEDICAL OFFICER.

Dr. Grant's military Health Maintenance Organization ("HMO"), she is a member of their insurance division at PACMED both owing Dr. Grant a patient-focused duty of hearing her voice and putting her needs first – this duty was willfully and grossly breached.

These defendants grossly breached their duty owed to Dr. Grant, Medicare and Tricare – by defending the false and discriminatory practices of his medical colleagues, by informing Dr. Grant that she had to hire a private healthcare provider to review the medical findings of Dr. Alperovich.

In response to Dr. Grant's federal complaints, these defendant's breached their duty owed to Dr. Grant, her Congressman, Medicare, and Tricare, by claiming reviews of her medical records, yet not identifying her post-gastric bypass hernia, and applying the standard of care as required by her SIC form. Instead, these defendants' continued Dr. Alperovich's discriminatory psychiatric placation treatment and paid Dr(s) Alperovich, Hori, and Nguyen for this unlawful medical practice.

USFHP breached their duty owed by refusing to pay for out-of-network corrective surgical care, requiring her to sign insurance release forms, while under extreme mental, emotional, and physical duress.

An infinite number of legal questions of insurance fraud, breach of duty, and psychiatric fraudulent billing- remains unanswered with these defendants. The actions of these defendants directly and indirectly contributed to the mental anguish, long-suffering and Dr. Grant's afore cited harms.

### III. VALLEY MEDICAL CENTER[17] – "VMC":
### 1. CLAUDIO GABRIEL ALPEROVICH, MD.

Dr. Grant requires court access to fully investigate Dr. Alperovich's and VMC's contractual or staff medical liability, duty owed, breach of duty, deviation from the standards of care owed to Dr. Gant - a patient of VMC- admitted and placed under Dr. Alperovich's care.

### 2. TRIET NGUYEN, DO – PSYCHIATRIST.

Dr. Nguyen conspired and implemented Dr. Alperovich's discriminatory psychiatric placation medical treatment, by providing an errant mental health diagnoses, rising legal questions of psychiatric fraud. He owed Dr. Grant the duty of honesty, respect of human dignity and trust for the protection of her rights. He had a duty and responsibility of holding her medical treatment as paramount, providing the degree of skill and care common to others in his specialty.

He breached this duty when he failed to obtain and read Dr. Grant's mandatory gastric bypass pre-surgical, psychiatric evaluation - contained in her medical records, failing to listen to her, and providing a fraudulent and errant psychotic diagnosis – violating the American Medical Association's ("AMA") Code of Ethics sections 1, 2, and 8.

Dr. Nguyen's unethical deviation from his duty with his seminal insanity diagnoses made her victim of mental-behavioral health medical profiling, mental anguish, long-suffering and directly contributing to the afore cited harms.

_____

[17] Respondeat Superior-Vicarious Liability.

## IV. VIRGINIA MASON MEDICAL CENTER[18] – "VMMC":
## RICHARD C. THIRLBY, MD – BARIATRIC & GENERAL SURGEON.

YES! Dr. Grant alleges mental health and racial discriminatory medical treatment, under the care of Dr. Thirlby. Judicial defendants took issue with Dr. Grant's claims of racial discrimination, retaliated, and refused to consider or review claims against this surgeon.

December 2009, Dr. Thirlby was grossly negligent in his duty owed to Dr. Grant. He ignored her SIC form, fail to diagnose and treat her gastric hernia, when he had a professional duty as a gastric bypass surgeon - to apply the proper standards of surgical care and treatment of a post gastric-bypass hernia. He refused to honor the surgical recommendations of his organization's gastroenterologist, ignored and neglected to speak to Dr. Grant, disrespected her right of medical privacy - failing to obtain her permission to discuss her medical condition with white females – son's friend providing her transportation.

In support of Dr. Alperovich's fraudulent psychiatric placation medical treatment , he by-passed Dr. Grant's SIC form, extracted and gleaned her mandatory  gastric-bypass surgical psychiatric report to fabricate a joint discussion of her military abuse - complicating her medical history.

Dr. Thirlby's gross deviation from acceptable post-gastric bypass required surgical care are grounds for criminal charges. Dr(s) Thirlby and Alperovich are major contributors to the mental anguish, long-suffering, and afore cited harms continuing to plague Dr. Grant.

## V. UNIVERSITY OF WASHINGTON MEDICAL SCHOOL[19] ("UWMED"):
## MICHELE PULLING, MD – GASTROENTEROLOGIST.

---

[18] Respondeat Superior-Vicarious Liability.

[19] Respondeat Superior-Vicarious Liability.

October 29, 2009, judicial defendant's in a non-oral hearing dismissed Dr. Grant's complaint upholding jurisdiction for lack of service and non-service to UWMED. Dr. Grant had no reasons to question the medial responsibility for Dr. Pulling's work status - due PACMED ner various work status - Rotation, Resident, Student, or Staff – when she treated Dr. Grant.

Dr. Grant required full court access to investigate – PACMED, UWMED, or both - and determine organizational liability and duty owed to Dr. Grant.

### VI. MICHAEL K. HORI, MD – INFECTIOUS DISEASE.

Judicial defendant's rush to summary judgment, biased judicial proceedings, based VMC citing lack of jurisdiction due to summon- serve, denied Dr. Grant court access to investigate her claim.

Dr. Grant requires court access to fully investigate Dr. Alperovich's and VMC's contractual or staff medical liability, duty owed, breach of duty, deviation from the standards of care owed to Dr. Gant - a patient of VMC- admitted and placed under Dr. Alperovich's care.

### VII. ST. FRANCIS-HOSPITAL FRANCISCAN HEALTH SYSTEM[20]– "ST. FRANCIS": CLAUDIO GABRIEL ALPEROVICH, MD.

Dr. Grant requires court access to fully investigate Dr. Alperovich's and St. Francis' contractual or staff medical liability, duty owed, breach of duty, deviation from the standards of care owed to Dr. Gant - a patient of St. Francis under Dr. Alperovich's care.

### G. FINAL POINT.

Judicial defendants breached their duty of public trust and civil rights protect, by upholding denials of court entry, rush-to-summary judgments, and rejections of ADA mental-

---

[20]Respondeat Superior-Vicarious Liability.

behavioral health accommodations – allowing mental-behavioral health hostility, retaliatory, and discriminatory local judicial practices. Judicial defendant's tortious actions and denial of duty owed to Dr. Grant, contributes directly and indirectly to her mental anguish, long-suffering and afore cited harms.

## V. LEGAL QUESTIONS-ISSUES.

Dr. Grant's legal questions and issues - supported by court transcripts, appeal and petition briefs, and judicial replies are not limited to the following:

1) As a pro se litigant with mental and behavioral health related challenges, on November 12, 2012 - did Superior judge when asked, ensure the court proceedings were ADA compliant accessible to Dr. Grant?

2) Is Washington State's judicial proceedings ADA compliant for pro se litigants and others with mental and behavioral health related challenges?

3) Is Washington State's judicial proceedings ADA complaint, and accessible to pro se litigants, and others with mental and behavioral health challenges?

4) November 12, 2012, did Dr. Grant make a reasonable ADA accommodations request - to read her definitive responses into court records - request?

5) November 12, 2012, when Superior judge denied Dr. Grant's ADA accommodation request - did Superior judge violated Dr. Grant's civil rights and subject her to a hostile judicial process?

6) By upholding, striking, and ignoring Dr. Grant's judicial pleadings, does judicial defendants share joint liability for the violations of her human and civil rights?

7) As a pro se litigant, when Superior judge held Dr. Grant to the local judicial practices - Pro se litigant same standards as Attorney, did he subject her to disparate treatment?

8) What are the standards that pro se litigants must adhere as to equal to a learned and skilled Attorney?

9) Is it constitutional to hold a pro se litigant to the same standards as an attorney, without defining these standards, and ensuring they are achievable?

10) Does the generalized and undefined application of local judicial practices -"pro se litigant same standards as an Attorney - constitute "constitutional vagueness" and violates the rights of pro se litigants?

11) Did the generalized application and use of "pro se litigant same standards as Attorney" local practice – place Dr. Grant in a paradoxical predicament and deny her court access to defend her claim?

12) As applied to Dr. Grant's case dismissals – Was the before adequate discovery Expert Witness Testimony (Affidavit, Letter) requirement and use synonymous to the Washington State's former Certificate of Merit law?

13) In a medical malpractice case - does the allowance of 140 28 days of discovery - an adequate period for a pro se litigant and their expert witness to uncover required evidence for claim representation?

14) As required in Dr. Grant's case, was the judicial defendant's Expert Witness law synonymous with their stricken Certified of Merit law?

15) In a medical malpractice claim – Is it unconstitutional to require expert medical certification, without adequate court access to uncover and weight evidence?

16) In the case of Dr. Grant –was her post gastric bypass surgeon's expert witness letter requirement with only 14-15 days of discovery - constitutional?

17) Taken jointly all evidence before the judicial defendants - Does the fact that Dr. Grant's post gastric-bypass surgeon's knowledge and surgical expertise advances the medical defendants, qualify him as her expert witness for post gastric- bypass medical malpractice?

18) To grant equal protection and due process under constitutional laws, as a matter of law, when taken jointly with federal and state Supreme courts FRCP 56 (c) summary judgment rulings – On November 12, 2012, Did Dr. Grant timely submit her expert witness letter?

19) Taken jointly all evidence before the judicial defendants, federal and state laws, rulings, with a gastric bypass surgical expert witness testimony – Did Dr. Grant have a legal right to court access to investigate and defend her complaint?

20) Taken jointly all evidence before the judicial defendants, federal and state laws, rulings, with a gastric-bypass witness surgical expert witness testimony - Did judicial defendant's violate Dr. Grant's civil rights and deny her court access (deliberately, directly and indirectly)?

21) Taken jointly all evidence before the judicial defendants, federal and state laws, rulings, with a gastric-bypass witness surgical expert witness testimony – Was Dr. Grant's medical malpractice compliant full mitigate, by all required legal standards?

22) Taken jointly all evidence before the judicial defendants, federal and state laws, rulings, with a gastric-bypass witness surgical expert witness testimony – Does the mental defendants have res judicata immunity?

## VI. REMEDIES.

1) Public stigma of mental health apologies – Verbal and written.

2) Medical malpractice trial de novo in federal court – with court access for discovery, production of documents, disparity studies, depositions, subpoenas, identification and joining of other parties, immunity from harassment, and ADA accommodations as needed.

3) Removal of false, erroneous, misleading, covert, discriminatory psychiatric-mental-behavioral health medical diagnoses, comments, references, etc., from Dr. Grant's and all of the medical defendant's records - including notes, private messages, e: mails, or any other inflammatory reporting system(s).

4) Structural Damages:  Paid Consultants- Defendants hire  Dr. Grant to institute organizational mental health ADA compliant- judicial proceedings, judicial and medical environments.

5) Damages:

    a) Economic – Medical Care and Expenses, Loss of earnings, Earning capacity,  and Potential Earnings, Educational expenses,

    b) Non-Economic – Mental Distress, Long Suffering, Mental and Emotional Anguish, Loss of the Ability to Enjoy Life's Pleasures.

    c) Breach of tort duty –

        1) General – All legal cost, Defendant awarded legal fees, and other incurred debt.

        2) Incidental or Special – Medical past, current and future cost.

        3) Speculative.- Future unforeseen costs.

        4) Punitive – Exemplary.

## VIII. CONCLUSION.

Washington state judicial and medical defendant's epitomizes the victimization of Dr. Grant - class-representative of society's most vulnerable subgroup - by those whose authority and power of protection has the highest honors of societal trust.

Dr. Grant prays this court recognizes the critical need for intervention and legal enforcement at the highest level – all constitutional laws protecting Dr. Grant's and individuals with mental-behavioral challenges human and civil rights.

*Jury Trial Demand*

Respectfully Submitted

October 30, 2015, Olympia, WA

PATRICIA A. GRANT, PHD-PRO SE
1001 COOPER POINT RD, #140-231
OLYMPIA WA, 98502
(210) 543-2331