UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE
VERIFIED COMPLAINT

PATRICIA A. GRANT, PhD                           No. C15 1713 JLR
      Plaintiff                                              JURY TRIAL

    vs.

STATE OF WASHINGTON ET. AL.
      Defendants.


MOTION TO AMEND ORIGINAL COMPLAINT

     Now, comes Plaintiff's Motion to Amended Original Complaint, ensuring compliance of Federal Rule of Civil Procedure ("FRCP") Rule (8). Plaintiff adopts her Original Complaint, Declarations, her Reply to Court Ordered Amended Complaint into this Amendment, court filings taken jointly completes Plaintiff's case prima facie for court entry, as follows:

I. PARTIES.

PLAINTIFF:   Patricia A. Grant, PhD[1], 1LT USAF Retired, Pro Se, Non-Instutionalized (Criminal or Mental), Black female, 100% Disable Veteran, individual with mental - behavioral health diagnoses and disability respectively- within the meaning of American Disability Act ("ADA") 42 U.S.C. § 12102; 28 C.F.R. § 36.104 (4)(i); and Americans with Disabilities Act Amendments Act ("ADAAA") of 2008, 2010.

_____
[1] Docket #3 Exhibit 1 – Patricia A. Grant DD Form 214 and VA Rating Letter.

WASHINGTON STATE DEFENDANTS:

A. JUDICIAL DEFENDANTS – Sued both in Official and Individual Status:

| | | |
|---|---|---|
| Jay White (Retired), Judge, MRJC Superior Court of King County, WA | Ronald E. Cox, Appellant Judge, Court of Appeals Division I, Seattle, WA | Justice Gonzalez, Department II, Washington State Supreme Court |
| Justice Owens, Department II, Washington State Supreme Court | Stephen J. Dwyer, Appellant Judge, Court of Appeals Division I, Seattle | Justice Yu, Department II, Washington State Supreme Court |
| Michael S. Spearman, Chief Appellant Judge, Court of Appeals Division I, Seattle, | Chief Justice Madsen, Department II, Washington State Supreme Court | Justice Stephens, Department II, Washington State Supreme Court |

B. STATE DEFENDANTS – Suit in both their Individual and Official Capacity:

Bob Ferguson, Washington State Attorney General
Jeffery T. Even, Washington State Deputy Solicitor General
Washington Commission on Judicial Conduct
Richard F. McDermott, Presiding Judge, King County Superior Court
Susan Craighead Assistant Presiding Judge, King County Superior Court
Cheryl B. Carey, MRJC Chief, Judge King County Superior Court

C. MEDICAL DEFENDANTS:

| | | | | |
|---|---|---|---|---|
| Claudio Gabriel Alperovich, MD Bariatric & General Surgeon | Triet M. Nguyen, DO Psychiatrist | Lisa Oswald, MD Primary Care Provider ("PCP") | U.S. Family Health Plan @ Pacific Medical Center, Inc. ("USFHP") Military Health Insurance Carrier | Michele Pulling, MD Gastroenterologist |
| St Francis-Hospital Franciscan Health System | Michael K. Hori, MD Infectious Disease Control | Shoba Krishnamurthy, MD Gastroenterologist | Virginia Mason Health System | Univ. WA School of Medicine |
| Valley Medical Center ("VMC") | Pacific Medical Center, Inc. ("PacMed") | WM. Richard Ludwig, MD USFHP | Richard C. Thirlby, MD Bariatric & General Surgeon | |

2

## II. PREVIOUS LAWSUITS.

A) Parties to this previous lawsuit (s):  June 15, 2015, Dr. Grant simultaneously exercised two-cause of actions, medical malpractice-neglect ("Malpractice"), and Mental Illness Stigma ("MIS") discriminatory medical treatments, against the Healthcare Defendants.

B) Court and Name of District:
   1) June 15, 2012:  Medical Malpractice – Filed–  MRJC King County, WA Superior Court (Grant vs. Alperovich, MD, et al. #12-2-20677-5 KNT), and
   2) June 15, 2012: Civil Rights -# 446 AD A – Federal Western District Seattle (2:12-cv-01045 RSL).

C)  Federal Docket #: Grant vs Alperovich, MD, et.al- #12-1045 RSL
D) Federal Assigned Judge: - Robert S. Lasnik

E) Dispositions:
   1) WA State Appellant Court Division I (Grant v. Alperovich, MD, et.al - #69643-2),
   2) WA State Supreme Court (Grant v. Alperovich, MD, et.al - #90429-4) WA State disposition:  October 7, 2014.
   3) Federal ADA Claims: Judge waived Defamation Cause of Action - Waived back to WA State judiciary - Case currently before 9th Cuircut Court of Appeals (Grant vs. Alperovich, MD, et.al - #14-35288).

F) Lawsuits filing Dates:  June 15, 2012 – Both Claims (State and Federal)
G) Approximate dates of disposition(s):
   1) WA State Medical Malpractice: October-November 2012, March 2013;
   2) WA State Malpractice Appellant Court I - Appeal -  May 2014;
   3) WA State Malpractice Supreme Court Appeal – October 2014;
   4) Federal ADA – April 2014 – Oct. 2015- 9th Circuit Court of Appeal – Ruling Pending.

III. CLAIMS
INTRODUCTION.

Ms. Grant's legal cause of action, before this said court, arose out of her Superior Court complaint of "Medical Profiling"[2], due to the Medical Defendant's neglect to provide the required standard of care for post-gastric by hernia, and rending a psychiatric placation medical mistreatment based solely on Ms. Grant's "Medical Profile" [3] ; taken jointly with Judicial Defendants denial mental-behavioral health ADA and other human and civil rights violations.

A. JUDICIAL DEFENDANTS:

1) Judicial Defendants violated ADA Title II, Section 504 of the Rehabilitation Act of 1973, and other civil rights protection authorities[4]; by denying her reasonable mental health ADA communication accommodations request[5], ignoring violations of judicial cannons[6]; and

---

[2]Medical Profiling – Providing medical treatment based on confirmation biasness, the interpretation of information so that it forms to one's own preconception of an occurrence, person, event or phenomenon, voiding required standards of sound medical practices, as sanction under federal and state medical laws.

[3]Ms. Grant's Medical Profile - Black Female, Age 50, 100% Disable Veteran w/mental and behavioral health disabilities.

**[4]American Disability Act ("ADA"), Title II,V-Ex Parte Young, 42 U.S. C. § 1983,42 U.S.C. § 12132, 42 U.S.C. § 12131(1)(A) (B), 42 U.S.C. § 12102(2), 42 U.S.C. § 12131(2), 28 C.F.R. 35.140, ADA Title II, under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794, 28 C.F.R. 35.130 (a) (b)(1)(i), (iii), (vii) and (b)(7), 28 C.F.R. 35.150(a)(1), 35.151, 42 U.S.C. § 12133, 42 U.S.C. § 12202 - Congress expressly abrogated the States' Eleventh Amendment immunity to private suits in federal court, 42 U.S.C. § 1983, 1964 Civil Rights VI, Judicial Canons, 1-2.**

[5]Ms. Grant's ADA Request - Reading defense replies into court records.

**[6]Violations of Canons 1-2: Judicial Biasness Covert Courtroom Actions: Nonverbal communication with legal representatives (6) – Okay signals, smirking, mouthing, and waiving of hands, nodding and shaking his head in agreement with previously heard counsel.**

4

the implementation of their Pro Se litigant – Attorney Same Standards local practice[7]; while upholding case dismissals based on Ms. Grant's denial of trial communication. Judicial Defendants made their courts inaccessible and barred access to Ms. Grant, violating her right to "due process" and "equal protection" under law, as an American with a disability, affecting her mental and emotional health; thus greatly hindering Ms. Grant's ability to communicate her defenses, understands the proceedings, and present a proper court defense[8].

    2) Due to their psychiatric confirmation biasness[9], callous and-or deliberate indifference, Judicial Defendants adopted defendant's misrepresentation of established facts and defamation of Ms. Grant's cognitive reasoning abilities, critical thinking skills, and personal creditability. Judicial Defendant's rulings in contravention of federal and state "due process" and "equal protection" laws caused Ms. Grant great harm[10]. Judicial Defendants contributes to Ms. Grant to continued mental anguish, emotional torment, permanent pain, medical records corrections denials, denials of medical work clearances, exacerbation of mental and emotional health, aggravation of her pre-existing disability, denied retribution for permanent oral neuropathy[11].

---

[7] Pro Se Litigant –Attorney Same Standards: A constitutionally vague - Washington State local judicial practice of holding pro se litigants to some undefined standard(s) that are the same as attorneys.

**[8] Covered under: ADA Title II, under Section 504 of the Rehabilitation Act of 1973, U.S. Constitution 14th Amendment, 1964 Civil Rights Act Title VI, and other civil rights authorities, see footnote 4.**

[9] Confirmation Biasness – The interpretation of information so that it forms to one's own preconception of an occurrence, person, event, or phenomenon.

**[10] Covered under: ADA Title II, under Section 504 of the Rehabilitation Act of 1973, and other legal authorizes at Footnote 4.**

[11] Oral Neuropathy, also known and diagnosed by Medical Defendants as Burning Mouth Syndrome - An ongoing (chronic) or recurrent burning in the mouth. Burning mouth syndrome appears suddenly and can be severe, as if you scalded your mouth.

Judicial Defendants denies Ms. Grant's rights to benefit from her professional and educational labor; life accomplishments; and the furtherance of her doctorial research.

3) Judicial Defendants construed Ms. Grant's court claims of Mental Illness Stigma (MIS) "Medical Profiling"[12], as the nature of her malpractice complaint against the Medical Defendants, as "Racial Profiling"[13], i.e. Mr. Thirlby, the only medical defendant Ms. Grant directly claims racial discrimination, resulting in his exclusion from judicial review of Ms. Grant's "Medical Profiling" malpractice claims. Ms. Grant's racial claim taken jointly with her continued judicial administrative advocacy, resulted in: 1) Judicial "callous and-or deliberate indifference" to the case facts, Ms. Grant's career, medical, financial, and physical harms; 2) Her mental health discrimination claims was met with "judicial disbelief"; 3) Her judicial complaint was met with racial "judicial biasness"; and 4) Ms. Grant and her complaint met with malice, retaliations, and treatment as a "judicial nuisance"; violating Ms. Grant's human and civil rights covered under the legal authorities that also deny "judicial immunity"[14].

4) In defense of Ms. Grant's allegations of Medical Profiling malpractice, Judicial Defendant's upheld Medical Defendant's claims of civil rights "Exclusivity."[15] This local practice of medical providers' civil rights exclusion – legalizes the mental health placation medical treatment that placed Ms. Grant's life in jeopardy; causing her nine months of fear, mental and physical torment, educational and health setbacks, termination of medical work clearances, and financial ruins.

---

[12] *Id.* at Footnote 4.
[13] **Covered under: 1964 Civil Rights, U.S. Constitution 14th Amendment "equal protection" under law, and other legal authorities. See footnote 4.**
[14] *Id.* at Footnote 4 and 13.
[15] Washington Medical Exclusivity - The exclusive remedy provision exists, with the common exception of cases where the employer deliberately intends to injure an employee. Violations of Ms. Grant's civil right see footnote 4 and 12.

**B. STATE DEFENDANTS:**

Ms. Grant contacted State Defendants in their administrative, legislature, executive, and non-judicial capacity[16]:

1) State Defendants were callous and-or deliberate indifferent to Ms. Grant's administrative ADA accommodations request, judicial canon and civil rights violations complaints. These defendants failed in their professional duty to ensure mental health ADA court access and accessibility, denying Ms. Grant's 1St Amendment right of grievance and response, 14th Amendment "equal protection" and "due process" under law, and her civil rights protected under other authorities[17], thus directly and indirectly contributing to the defaming of Ms. Grant's cognitive reasoning abilities, critical thinking skills continuing her: 1) Personal discrediting, 2) Mental and emotional anguish and torment, 3) Permanent oral pain and suffering, 4) Financial and pre-existing health exacerbation, and 5) Current 7-years of legal battling for medical health records correction, work clearances, financial wealth, and legal justice for a plethora of related harms.

**C. MEDICAL DEFENDANTS:**

Ms. Grant adopts all of her court filings in this said court, in support of her claims against all the defendants:

### I. CLAUDIO GABRIEL ALPEROVICH, MD – SURGEON.

1) In reference to her post-gastric bypass hernia and related complications, as Ms. Grant's gastric bypass surgeon, Mr. Alperovich owed her a professional duty of surgical corrective care, as prescribed by his Informed Surgical Consent ("SIC") form. July 13-14, 2009, he breached

---

[16]Judicial Defendant's performing in an administrative duty, are not immunity from money damages, under ADA. *Duvall v. County of Kitsap,* 260 F.3d 1124 (9th Cir. 2001).
[17]*Id.* Civil Laws at Footnotes 4, 6,8,13.

this professional duty owed her, by not informing her of his diagnosed hernia, not rendering corrective surgery, providing and continuing medical treatment of his nurse's June 2009, phone diagnoses of "Thrush".

2) August 2009, Mr. Alperovich further breached his professional duty owed to Ms. Grant by placing her on intravenous feeding, and implementing a psychiatrist placation medical treatment, instead of surgically correcting his July 2009, diagnosed hernia.

3) Mr. Alperovich's "Breach of Professional Duty Owed to Ms. Grant": 1) Gross medical negligence, 2) Misdiagnoses, 3) Callous and-or Deliberate Indifference to his SIC form's required corrective surgical standards of care, 4) Failure to treat his diagnosed post-gastric bypass hernia, 5) Inform Ms. Grant of his hernia diagnosis, 6) Failure to inform her of his mental illness diagnosis and placation medical treatment plan; and 7) his false and unsubstantiated claims of mental illness defamed Ms. Grant's mental health, sanity, cognitive reasoning and critical thinking skill that directly caused and contributed to:

a) Nine months of denied corrective surgical relief, b) Continued placation mental illness medical treatment, c) Intravenous feedings, d) Personal discrediting, e) Mental and emotional anguish and torment, f) Permanent oral damage, pain and suffering, g) Financial and pre-existing health exacerbation, and h) current 7-years of legal battling for medical health records correction, work clearances, of her financial wealth, and legal justice for the plethora related harms that she continues to suffer.

II. PACIFIC MEDICAL CENTERS INC[20]. – Spoken jointly "PACMED" Defendants.

A. Lisa Oswald, MD - Primary Care Provider ("PCP"):

1) As Ms. Grant's PCP and referring physician in July 2009, Ms. Oswald owed Ms.

---

[20]Respondeat Superior- Vicarious Liability.

Grant the professional duty of disclosing Mr. Alperovich's, and other medical referral findings. Oswald grossly breached this duty with denials of Ms. Grant's plethora of hospital follow-ups, medical records review, second opinion requests, and knowledge of the psychiatric placation medical treatment plans that she was supporting.

2) Ms. Oswald's "Breach of Professional Duty Owed to Ms. Grant": a) Gross medical negligence, b) Callous and-or Deliberate Indifference to her corrective surgical needs, c) Failure to inform Ms. Grant of Mr. Alperovich's diagnosed post-gastric bypass hernia, d) Failure to request and read Ms. Grant's medical records and SIC form, and e) Failure to inform Ms. Grant of Mr. Alperovich and others mental illness diagnoses that the treatment they were rendering were placation.

3) Ms. Oswald failure of duty owed, defamed Ms. Grant's mental health, sanity, cognitive reasoning and critical thinking skills, directly causing and contributing to Ms. Grant's: a) Nine months of denied corrective surgical relief, b) Continued placation mental illness medical treatment, c) Months of intravenous and tube feedings, d) Personal discrediting and life control, e) Mental and emotional anguish and torment, f) Permanent oral damage, pain and suffering, g) Financial and pre-existing health exacerbation, and h) 7-years of legal battles for medical records corrections, work clearances, and justice for the plethora continued harms.

B) Gastroenterologists Shoba Krishnamurthy and Michele Pulling, MDs:

At time of treating Ms. Grant, Ms. Pulling was a student, intern, resident, or employee of PacMed – an issue requiring legal clarification for shared liability, with PacMed and University of Washington Medical School Defendants[21]:

---

[21] PacMed are the Respondeat Superior with Vicarious Liability for Mr. Ludwigh and USFHP, a division of PacMed.

1) September –October 2009, Ms. Krishnamurthy and Pulling, treated Ms. Grant for continued post-gastric bypass surgery complications. They owed her the professional duty of reviewing all her medical examinations, hospital stays, surgical SIC form for required standard of care, and providing her medical treatment accordingly.

2) Ms. Krishnamurthy and Pulling grossly breached their duty of "patient's right of healthcare autonomy," by denying Ms. Grant's communications requests for her hospitalizations and other medical information, and failing to inform her of their mental illness diagnosis, and that they were prescribing antidepressants as "smooth throat muscles," medication.

3) Ms. Krishnamurthy and Pulling were callous and-or deliberate indifference to Ms. Grant's serious medical condition, and their psychiatric confirmation biasness placation medical treatment supported Mr. Alperovich's Medical Profiling.

4) Ms. Krishnamurthy and Pulling's "Breach of Professional Duty Owed to Ms. Grant": 1) Gross medical negligence, 2) Misdiagnoses, 3) Callous and-or Deliberate Indifference to Ms. Grant's SIC form's standards of Hernia care, 4) Failure to treat her diagnosed post-gastric bypass hernia, 5) Failed to inform Ms. Grant of her July 2009, hernia diagnosis, and 6) Failure to inform Ms. Grant of their unsubstantiated mental illness diagnosis and placation medical treatment plan.

5) Ms. Krishnamurthy and Pulling's failure of duty owed, defamed Ms. Grant's mental health, sanity, cognitive reasoning and critical thinking skills, directly contributing to Ms. Grant's: a) Nine months of denied corrective surgical relief, b) Continued placation mental illness medical treatment, c) Months of intravenous and tube feedings, d) Personal discrediting and life control, e) Mental and emotional anguish and torment, f) Permanent oral damage, pain and suffering, g) Financial and pre-existing health exacerbation, and h) 7-years of legal battles for medical records corrections, work clearances, and justice for the plethora continued harms.

C. U.S. FAMILY HEALTH PLAN @ PACIFIC MEDICAL CENTERS INC. - "USFHP" AND WM. RICHARD LUDWIG, MD – USFHP'S CHIEF, MEDICAL OFFICER[22]:

    1) As Ms. Grant's TriCare and Medicare insurances ("HMO") providers, USHFP beached their professional duty to Ms. Grant: November 2009, in response to Ms. Grants' Congressional complaint, USHFP alleged complete review of her medical records, hospitalization examinations, and referrals; claiming no medical findings attributable to Ms. Grant's continued suffering, but failed to inform Ms. Grant of Mr. Alperovich's , July 2009 post-gastric bypass hernia and other medical complications, and his August 2009 mental illness diagnoses and placation medical treatments.

    2) USHFP grossly breached their medical by denying surgical correction of Ms. Grant's July 2009, diagnosed hernia, and their referral gastroenterologists November 2009, surgical recommendation for her twisted and angulated intestines; denials contrary to her SIC form required standard of care.

    3) By paying Ms. Grant's medical providers for their breach of duty, misdiagnoses, and medical neglect, USFHP directly contributed to her: a) Nine months of denied corrective surgical relief, b) Continued placation mental illness medical treatment, c) Months of intravenous and tube feedings, d) Personal discrediting and life control, e) Mental and emotional anguish and torment, f) Permanent oral damage, pain and suffering, g) Financial and pre-existing health exacerbation, and h) 7-years of legal battles for medical records corrections, work clearances, and justice for the plethora continued harms.

### III. VALLEY MEDICAL CENTER ("VMC") [23]

A.  CLAUDIO GABRIEL ALPEROVICH, MD:

---

[22] Respondeat Superior-Vicarious Liability.
[23] Respondeat Superior-Vicarious Liability.

Ms. Grant claims against VMC defendants, were dismissed on judicial technicalities, she requires court access to fully investigate Mr. Alperovich's and VMC's contractual or staff medical liabilities. August 2009, as Ms. Grant's hospital treating physician and gastric bypass surgeon, Mr. Alperovich further breached his professional duties owed to Ms. Grant, hospital patient under his care: 1) Hostile and malice patient care, 2) Labeled her mentally ill and prejudice his colleagues against her, 3) Places her on intravenous feeding, and rendered placation medical treatment, and 4) Callous and-or Deliberate indifference to his July 2009, post-gastric bypass hernia, and providing corrective surgery, 5) Failure to inform Ms. Grant of his mental illness diagnoses and placation medical treatment.

B. TRIET NGUYEN, DO – PSYCHIATRIST:

1) Mr. Nguyen's unethical deviation and breached of his professional duty owed to Ms. Grant by failing to hold her medical information as paramount and private, objectively listen to his patient, render treatment of his mental illness diagnoses.

2) Mr. Nguyen committed medical fraud by diagnosing and recording an errant mental illness diagnosis of Ms. Grant – violating the American Medical Association's ("AMA") Code of Ethics sections 1, 2, 4, and 8[24]. Judicial Defendants dismissed Mr. Nguyen case technicalities.

3) By assisting Mr. Alperovich with his psychiatric placation medical treatment, Mr. Nguyen deliberately and maliciously provided the seminal insanity diagnosis defaming Ms. Grant's cognitive reasoning abilities, critical thinking skills contributing to her: a) Nine months

---

[24]AMA Code of Ethics: **1.** A physician shall be dedicated to providing competent medical care, with compassion and respect for human dignity and rights. **2.** A physician shall uphold the standards of professionalism, be honest in all professional interactions, and strive to report physicians deficient in character or competence, or engaging in fraud or deception, to appropriate entities. **4.** A physician shall respect the rights of patients, colleagues, and other health professionals, and shall safeguard patient confidences and privacy within the constraints of the law. **8.** A physician shall, while caring for a patient, regard responsibility to the patient as paramount.

of denied corrective surgical relief, b) Continued placation mental illness medical treatment, c) Months of intravenous and tube feedings, d) Personal discrediting and life control, e) Mental and emotional anguish and torment, f) Permanent oral damage, pain and suffering, g) Financial and pre-existing health exacerbation, and h) 7-years of legal battles for medical records corrections, work clearances, and justice for the plethora continued harms.

### IV. VIRGINIA MASON MEDICAL CENTER[25] – "VMMC" AND RICHARD C. THIRLBY, MD – BARIATRIC & GENERAL SURGEON.

Ms. Grant requires court access for full investigations of Mr. Thirlby and VMMC's contractual liability, as USFHP's network providers.

1) As Ms. Grant's network gastric bypass surgeon in December 2009, Mr. Thirlby's was grossly negligent in his professional duties owed to Ms. Grant. He was callously and-or deliberately indifferent to her medical records revealing a July 2009, post-gastric bypass hernia diagnosis, her SIC form standard of hernia care, his gastroenterologist's November 2009 surgical recommendations, and provided falsified medical information in support of PacMed Defendants and Mr. Alperovich's psychiatric placation medical treatment.

2) Mr. Thirbly's psychiatric confirmation biasness is an ethical and gross deviation from his professional duty. He defamed Ms. Grant's cognitive reasoning abilities, and critical thinking skills; knowingly and directly subjecting her to: a) Continued local denials of corrective surgery, a) Direct cause of her having to travel to New York, NY, to receive the national and state required hernia surgical care, c) Continued placation mental illness medical treatment, d) Months of intravenous and tube feedings, e) Personal discrediting and life control, f) Mental and

---

[25] Respondeat Superior-Vicarious Liability.

emotional anguish and torment, g) Permanent oral damage, pain and suffering, h) Financial and pre-existing health exacerbation, and i) 7-years of legal battles for medical records corrections, work clearances, and justice for the plethora continued harms.

## V. UNIVERSITY OF WASHINGTON MEDICAL SCHOOL[26] ("UWMED"):
### MICHELE PULLING, MD – GASTROENTEROLOGIST.

October 29, 2009, Judicial Defendant's in a non-oral hearing dismissed Ms. Grant's complaint on legal technicalities. Ms. Grant requires full court access to investigate the legal liabilities of PACMED, UWMED, and Ms. Pulling to determine organizational liabilities.

### VI. MICHAEL K. HORI, MD – INFECTIOUS DISEASE.

Ms. Grant requires court access for full investigation of Mr. Alperovich, VMC, and Mr. Hori's contractual or staff medical liability, and breach of duty owed to her, as a patient of VMC- admitted and placed under Mr. Alperovich's care. In support of Mr. Alperovich's psychiatric placation medical treatment of Ms. Grant, Ms. Hori failed to physically exam Ms. Grant, and written false mental health conversations in her medical records, in support of Mr. Alperovich's fraudulent psychiatric placation medical treatment of Ms. Grant.

## VII. ST. FRANCIS-HOSPITAL FRANCISCAN HEALTH SYSTEM[27]– "ST. FRANCIS" AND CLAUDIO GABRIEL ALPEROVICH, MD:

Ms. Grant requires court access for full investigation Mr. Alperovich's and St. Francis' contractual liabilities, and professional duty to Ms. Grant - a patient of St. Francis under Mr. Alperovich's care, June and July 2009.

---

[26] Respondeat Superior-Vicarious Liability.
[27] Respondeat Superior-Vicarious Liability.

## VI. REMEDIES.

I. Court orders the appearance of all Defendants, before this said court, answering Ms. Grant's claims.

II. Court grants Ms. Grant mental, emotional, and behavioral health ADA accommodations of extended time to respond to defendants, separately.

III. Medical Defendants remove from all Ms. Grant's medical records, all of their personal mental and behavioral illness diagnoses, references, or any other unsubstantiated defamatory mental illness information.

IV. State and Judicial Defendants pay federal court ordered disparity studies of Judicial and State Defendant's case processing, investigations, rejections, and rulings by disinterested, non-political, non-affiliated, civil rights third party; of Judicial and State Defendant's laws, policies, procedures, and governing guidelines, with respect to discrimination or denial of equal protection of the laws; because of pro se (Non-Institutionalized) status, appearing before Superior, Appeals, and Supreme courts; categorized by race, color, religion, sex, age, disability (Physical, Emotional, Mental), or national origin, or in the administration of justice. Paid by State and Judicial Defendants.

V. State and Judicial Defendants pay federal court ordered disparity studies of Judicial and State Defendant's case processing, investigations, rejections, and rulings by disinterested, non-political, non-affiliated, civil rights third party; of Judicial and State Defendant's laws, policies, procedures, and governing guidelines, with respect to discrimination or denial of equal protection of the laws; because of mental health (Mental, Behavioral, Emotional) ADA accommodations, appearing before Superior, Appeals, and Supreme courts; categorized by race, color, religion, sex, age, disability (Physical, Emotional, Mental), or national origin, or in the administration of justice. Paid by State and Judicial Defendants.

VI. State and Judicial Defendants pay federal court ordered appraisals of Judicial and State Defendants laws, policies, procedures, governing guidelines, local practices, and case rulings, by disinterested, non-political, non-affiliated, civil rights third party; of Judicial and State Defendant's laws, policies, procedures, and governing guidelines, with respect to discrimination or denial of equal protection of the laws; because of pro se (Non-Institutionalized) status, appearing before Superior, Appeals, and Supreme courts; categorized by race, color, religion, sex, age, disability (Physical, Emotional, Mental), or national origin, or in the administration of justice. Paid by State and Judicial Defendants.

VII. State and Judicial Defendants pay federal court ordered appraisals of Judicial and State Defendants laws, policies, procedures, governing guidelines, local practices, and case rulings, by disinterested, non-political, non-affiliated, civil rights third party; of Judicial and State Defendant's laws, policies, procedures, and governing guidelines, with respect to discrimination or denial of equal protection of the laws; because of pro se (Non-Institutionalized) status, appearing before Superior, Appeals, and Supreme courts; categorized by race, color, religion, sex, age, disability (Physical, Emotional, Mental), or national origin, or in the administration of justice. Paid by State and Judicial Defendants.

VIII. State and Judicial Defendants pay federal court ordered appraisals of Judicial and State Defendants laws, policies, procedures, governing guidelines, local practices, and case rulings, by a disinterested, non-political, non-affiliated, civil rights third party; of Judicial and State Defendant's laws, policies, procedures, and governing guidelines, with respect to discrimination or denial of equal protection of the laws; because of mental health (Mental, Behavioral, Emotional) ADA accommodations, appearing before Superior, Appeals, and Supreme courts;

categorized by race, color, religion, sex, age, disability (Physical, Emotional, Mental), or national origin, or in the administration of justice. Paid by State and Judicial Defendants.

IX. Other remedies as revealed through an extensive and comprehensive discovery.

X. DAMAGES: Medical, State, and applicable Judicial Defendants:

A. Compensatory Damages:
   1) General Damages:
       a) Loss of enjoyment of life
       b) Physical and mental pain and suffering, and
       c) Loss of future earning capacity.

   2) Special Damages:
     a) Medical bills,
     b) Legal Costs,
     c) Educational Loans including Interest, and
     d) Other.

B. Punitive or Exemplary Damages.

C. Compensatory or Expectation Damages.

D. Nominal Damages.

E. Treble Damages:

   a) Medical bills,
   b) Legal Costs,
   c) Educational Loans including Interest, and
   d) Other.

F.  Speculative Damages:
   a) Medical
   b) Legal
   c) Other.

## V. FINAL.

Ms. Grant submits her Motion to Amend her Complaint in compliance of FRCP 8, and in good faith. She adopts her Original Complaint, Declarations, and Reply to Court Order Amendment into this Motion. She asks the courts to provide legal assistance in lieu of dismissal, should this Motion fall short of complaint style, format, or technical content.

Ms. Grant prayer this said court takes her compliant and subject matter seriously, and allow her to seek judicial relief from the mental health defamation that binds her rehabilitation from disability to gainful employment.

Respectfully Submitted

January 9, 2016, Olympia, WA

*Patricia A. Grant*

PATRICIA A. GRANT, PHD-PRO SE
1001 COOPER POINT RD, #140-231
OLYMPIA WA, 98502
(210) 543-2331