1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   PATRICIA A. GRANT,                      CASE NO. C15-1713JLR

11                      Plaintiff,            ORDER

12          v.

13   CLAUDIO GABRIEL
     ALPEROVICH, et al.,
14
                        Defendants.
15

### I.   INTRODUCTION

16
       This matter comes before the court on Defendants Triet M. Nguyen and Valley
17
Medical Center's (collectively, "VMC Defendants") motion to dismiss (VMC MTD (Dkt.
18
# 43)); Defendant Michael K. Hori's motion to dismiss (Hori MTD (Dkt. # 45));
19
Defendants Claudio Gabriel Alperovich and Franciscan Health System's (collectively,
20
"FHS Defendants") motion to dismiss and for sanctions (FHS Mot. (Dkt. # 46));
21
Defendants Richard C. Thirlby and Virginia Mason Health System's (collectively,
22

ORDER- 1

1   "VMHS Defendants") motion to dismiss (VMHS MTD (Dkt. # 47)); Defendants Shoba

2   Krishnamurthy, Richard Ludwig, Lisa Oswald, Pacific Medical Center, Inc., and U.S.

3   Family Health Plan at Pacific Medical Center's (collectively, "PMC Defendants") motion

4   to dismiss (PMC MTD (Dkt. # 55)); and VMHS Defendants' motion for sanctions

5   (VMHS MFS (Dkt. # 48)) (collectively, "Medical Dft. Mots.").[1]

6          Plaintiff Patricia A. Grant opposes Medical Defendants' motions.[2] (*See* Resp. to

7   VMC MTD (Dkt. # 49); Resp. to FHS Mot. (Dkt. # 71); Resp. to VMHS MTD (Dkt.

8   # 52); Resp. to VMHS MFS (Dkt. # 53); Resp. to Hori MTD (Dkt. # 54); Resp. to PMC

9   MTD (Dkt. # 58).)  Medical Defendants filed reply memoranda to each response, with

10  the exception of Ms. Grant's response to VMHS Defendants' motion for sanctions. (*See*

11  VMC Reply (Dkt. # 64); FHS Reply (Dkt. # 70); VMHS Reply (Dkt. # 65); Hori Reply

12  (Dkt. # 72); PMC Reply (Dkt. # 69).)

13         Having considered the submissions of the parties, the appropriate portions of the

14  record, and the relevant law, the court GRANTS in part, DENIES in part, and DEFERS

15  in part the various motions, as detailed herein.

16  _____

17  [1] Although defendants University of Washington Medicine and Michele Pulling's
    (collectively, "UWMED Defendants") motion for summary judgment has been fully briefed as
    of May 4, 2016 (UWMED MSJ (Dkt. # 91)), the court will rule on that motion in a separate
18  order (*see also* Resp. to UWMED MSJ (Dkt. # 93); UWMED Reply (Dkt. # 99)).
           Additionally, Ms. Grant filed a motion that she styled as a motion to compel, which is
19  directed at Ms. Pulling and the University of Washington. (Mot. to Compel (Dkt. # 75).)  It is
    unclear what relief Ms. Grant seeks, but it apparently involves service of process. (*Id.*)  Pursuant
20  to the court's order, the United States Marshal served Ms. Pulling and the University of
    Washington in March 2016. (Dkt. # 82.)  The court accordingly denies Ms. Grant's motion as
21  moot.

22  [2] The court refers to the 14 defendants that remain parties to this case as "Medical
    Defendants."

## II.   BACKGROUND

**A.   Procedural History**

The court granted *pro se* Plaintiff Patricia A. Grant leave to proceed *in forma pauperis* on November 16, 2015 (11/16/15 Order (Dkt. # 5)), and she filed her complaint on the same day (*see* Compl. (Dkt. # 6)).  In her original complaint Ms. Grant named as defendants five Washington State Supreme Court Justices, seven judges from various levels of the Washington State court system, the Washington State Commission on Judicial Conduct, Washington State Attorney General Bob Ferguson, and Washington State Deputy Solicitor General Jeffery T. Even (collectively, "Judicial and State Defendants").  (Compl. at 1.)  She also named Medical Defendants, which consist of 14 medical professionals, health care providers, and insurance carriers in Seattle and Tacoma.  (*Id.*)

On November 20, 2015, the court dismissed Ms. Grant's complaint as to Judicial and State Defendants for failure to state a claim upon which relief can be granted and gave Ms. Grant leave to amend.  (*See* 11/20/15 Order (Dkt. # 8) at 5.)  Ms. Grant filed a document entitled "Plaintiff's Reply to Court Ordered Amended Complaint" on December 19, 2015, which the court "liberally construe[d] . . . as an amended complaint." (Am. Compl. (Dkt. # 9); 12/13/15 Order (Dkt. # 10) at 2-3.)  The court dismissed the amended complaint with leave to amend, but cautioned Ms. Grant that "if she fail[ed] to state a claim in a future pleading, the court [would] treat that failure as an indication that further amendment would be futile, which can constitute grounds to dismiss without leave to amend."  (12/13/15 Order at 6.)

1    Ms. Grant filed a second amended complaint on January 11, 2016. (SAC (Dkt.

2  # 11).) On January 15, the court dismissed Ms. Grant's claims against Judicial and State

3  Defendants without leave to amend. (*See* 1/15/16 Order (Dkt. # 13) at 7.) However, the

4  court determined that Ms. Grant "pled sufficient facts to avoid *sua sponte* dismissal" with

5  regard to Medical Defendants. (*Id.* at 6.) On April 19, 2016, the court granted Medical

6  Defendants' request to stay discovery pending the court's resolution of Medical

7  Defendants' dispositive motions. (4/19/16 Order (Dkt. # 96) at 1-2.)

8  **B.    Ms. Grant's Allegations Against Medical Defendants**

9    In view of Ms. Grant's *pro se* status, the court liberally construes her allegations

10  against Medical Defendants. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)

11  (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)) ("[*Pro se*] complaints

12  are construed 'liberally.'"). The following background is based on a liberal construction

13  of Ms. Grant's second amended complaint.

14    Ms. Grant's allegations against Medical Defendants arise out of a series of events

15  that began with a gastric bypass surgery sometime in 2009 and continued for a period of

16  approximately nine months.[3] (*See* SAC at 8-11.) Ms. Grant alleges that a number of

17  health care and insurance professionals failed to correctly diagnose, treat, and pay for

18  post-surgery complications, failed to disclose Ms. Grant's medical records, and attempted

19  to "placate" her through mental illness diagnoses and treatment. (*See id.* at 7-14.) Ms.

20

21    _____

      [3] Ms. Grant's second amended complaint does not list precise dates for many of her

22  allegations. However, she refers multiple times to "[n]ine months of denied corrective surgical
    relief." (*See* SAC at 8-11.)

ORDER- 4

1   Grant's allegations against Medical Defendants appear to be limited to the period prior to

2   a corrective surgery that she received on February 10, 2010, in New York, New York.

3   (*See* Compl. Ex. 7 ("Goodman Letter") at 4.)[4]

4        1.   <u>Allegations Against FHS Defendants</u>

5        Mr. Alperovich performed Ms. Grant's original gastric bypass surgery.  (SAC at

6   7.)  Ms. Grant claims that on July 13-14, 2009, Mr. Alperovich concealed from her a

7   hernia diagnosis, failed to render corrective surgery, and provided her treatment for

8   thrush.  (*Id.* at 7-8.)  Ms. Grant further claims that in August 2009, Mr. Alperovich

9   improperly fed her intravenously, and "implement[ed] a psychiatrist placation medical

10  treatment."  (*Id.* at 8.)  Finally, Ms. Grant alleges that Mr. Alperovich defamed her and

11  caused "permanent oral damage."  (*Id.*)  The court understands Ms. Grant to allege that

12  Mr. Alperovich caused "oral damage" and then falsely diagnosed the damage as a

13  separate condition—thrush.  (*Id.*)

14       Franciscan Health System is a health care organization that employs Mr.

15  Alperovich and includes St. Francis Hospital.  (*Id.* at 14.)  Ms. Grant makes no direct

16  allegations against Franciscan Health System.  (*Id.*)  Instead she states that she was a

17  patient at St. Francis Hospital under Mr. Alperovich's care and asks the court for

18  discovery to determine Franciscan Health System's "contractual liabilities."  (*Id.*)  Given

19

20  _____

21       [4] The exhibits that Ms. Grant attached to her original complaint were not attached to her
    second amended complaint, but Ms. Grant references the contents of those exhibits in her second
    amended complaint.  In light of Ms. Grant's *pro se* status, the court considers the second
22  amended complaint as if those exhibits were attached.  *See McGuire v. Clackamas Cty. Counsel*,
    No. 08-CV-1098-AC, 2009 WL 4456310, at *2 n.2 (D. Or. Nov. 24, 2009).

1 | that Franciscan Health System employs Mr. Alperovich, the court interprets Ms. Grant's

2 | case against Franciscan Health System to be based on a theory of vicarious liability.

3 |     2.  Allegations Against PMC Defendants

4 |     Ms. Oswald was Ms. Grant's primary care provider, and Ms. Krishnamurthy and

5 | Ms. Pulling were Ms. Grant's gastroenterologists. (*Id.* at 8-10.) Ms. Grant alleges that

6 | Ms. Oswald denied Ms. Grant follow-up visits, failed to disclose "medical referral

7 | findings," was indifferent to her corrective surgical needs, and failed to request or read

8 | her medical records. (*Id.* at 8-9.) Ms. Grant alleges that Ms. Krishnamurthy and Ms.

9 | Pulling denied her requests for medical information, failed to inform her of a 2009 hernia

10 | diagnosis, and prescribed antidepressants as medication for "smooth throat muscles." (*Id.*

11 | at 9-10.) Additionally, Ms. Grant alleges that all three assisted in and failed to inform her

12 | of "placation treatment." (*Id.*)

13 |     Ms. Grant alleges that U.S. Family Health Plan and its Chief Medical Officer, Mr.

14 | Ludwig, failed to disclose a post-surgery hernia diagnosis and refused to pay for surgery

15 | to correct her hernia and her angulated intestines. (*Id.* at 11.)

16 |     3.  Allegations Against VMC Defendants

17 |     Mr. Nguyen is a psychiatrist and an employee of Valley Medical Center who

18 | evaluated Ms. Grant. (*Id.* at 11-12.) Mr. Nguyen diagnosed Ms. Grant in a manner that

19 | Ms. Grant considers to be "placation treatment." (*Id.* at 12.) Ms. Grant further alleges

20 | that the diagnosis Mr. Nguyen provided constitutes medical fraud and defamation. (*Id.*)

21 | Given that Valley Medical Center employs Mr. Nguyen, the court construes Ms. Grant's

22 | case against Valley Medical Center to be based on a theory of vicarious liability.

1

    4.  Allegations Against VMHS Defendants

2

       Mr. Thirlby is a bariatric surgeon at one of Virginia Mason Health System's

3

medical centers. (*Id*. at 13.) Ms. Grant alleges that Mr. Thirlby ignored her medical

4

records, which indicated a hernia diagnosis, and falsified medical information in support

5

of Mr. Alperovich's "psychiatric placation" treatment. (*Id.*) Given that Mr. Thirlby

6

performs surgeries for Virginia Mason Health System, the court construes Ms. Grant's

7

case against Virginia Mason Health System to be based on a theory of vicarious liability.

8

    5.  Allegations Against Mr. Hori

9

       Ms. Grant alleges that Mr. Hori failed to physically examine her and wrote "false

10

mental health conversations" in her medical record "in support of Mr. Alperovich's

11

fraudulent psychiatric placation medical treatment." (*Id.* at 14.)

12

    6.  Allegations Against UWMED Defendants

13

       Ms. Grant does not list any specific allegations against UWMED Defendants.[5]

14

(*Id.*)  Instead, she requests discovery to determine "legal liabilities." (*Id.*)

15

### III.   ANALYSIS

16

**A.   Legal Standards Under Federal Rule of Civil Procedure 12(b)(6)**

17

       When considering a motion to dismiss under Federal Rule of Civil Procedure

18

12(b)(6), the court construes the complaint in the light most favorable to the non-moving

19

party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.

20

2005).  The court must accept all well-pleaded facts as true and draw all reasonable

21

     [5] Ms. Grant again lists Ms. Pulling in the section of her second amended complaint

22

pertaining to UWMED Defendants, but Ms. Grant does not add additional allegations to those presented on pages 9-10 of her second amended complaint. (*See* SAC at 14); *supra* § II.B.2.

1 inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135

2 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain

3 sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

4 face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

5 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

6 factual content that allows the court to draw the reasonable inference that the defendant is

7 liable for the misconduct alleged." *Id.* at 677-78. Dismissal under Rule 12(b)(6) can be

8 based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

9 under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

10 (9th Cir. 1990).

11        The court may consider *res judicata* when evaluating a Rule 12(b)(6) motion. *See*

12 *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1983). Additionally, the court "may

13 take notice of proceedings in other courts, both within and without the federal judicial

14 system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*,

15 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801,

16 803 n.2 (9th Cir. 2002)).

17 **B.**    **Claim Preclusion**

18        Medical Defendants argue that Ms. Grant's prior lawsuits—one in federal court

19 and one in state court—preclude her from pursuing this one. (*See generally* Medical Dft.

20 Mots.); *see also Grant v. Alperovich* ("*Alperovich I*"), No. C12-01045RSL (W.D. Wash.

21 2014) (Dkt. ## 149-50, 169, 180-81, 221-24) (dismissing with prejudice Ms. Grant's

22 federal claims against Medical Defendants and dismissing without prejudice her state

1 claims for lack of jurisdiction), *appeal docketed*, No. 14-35288 (9th Cir. 2014); *Grant v.*

2 *Alperovich* ("*Alperovich II*"), No. 69643-2 (Wash. Ct. App. 2014) (affirming dismissal of

3 Ms. Grant's claims against Medical Defendants), *cert. denied*, No. 90429-4 (Wash.

4 2014).

5         Preclusion rules differ based on whether a federal or state court entered the prior

6 judgment. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380-81

7 (1985). However, the fundamental principle of claim preclusion is the same: "[A] losing

8 litigant deserves no rematch after a defeat fairly suffered." *B & B Hardware, Inc. v.*

9 *Hargis Indus.*, --- U.S. ---, 135 S. Ct. 1293, 1303 (2015) (quoting *Astoria Fed. Sav. &*

10 *Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "A final judgment on the merits of an

11 action precludes the parties or their privies from relitigating issues that were or could

12 have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394,

13 398 (1981). Parties cannot relitigate the same claims even if they believe "the judgment

14 may have been wrong or rested on a legal principle subsequently overruled in another

15 case." *Id.* If a party believes the court made the wrong decision, it "can be corrected

16 only by a direct review [on appeal] and not by bringing another action upon the same

17 cause [of action]." *Id.*

18         1.  Claim Preclusion Based on *Alperovich I*

19         In federal court, federal procedural common law governs the preclusive effects of

20 a prior federal court judgment decided on federal question grounds. *See, e.g., Stewart v.*

21 *U.S. Bancorp*, 297 F.3d 953, 955 (9th Cir. 2002) (affirming application of federal

22 preclusion rules to a prior federal court judgment). Under federal common law, a final

1  judgment on the merits precludes a future suit if the judgment was rendered by a court of

2  competent jurisdiction, the parties are identical or in privity, and the cause of action is the

3  same. *See Littlejohn v. United States*, 321 F.3d 915, 920 (9th Cir. 2003).  To determine if

4  the cause of action is the same, courts consider

5  (1) whether rights or interests established in the prior judgment would be
   destroyed or impaired by the prosecution of the second action; (2) whether
6  substantially the same evidence is presented in the two actions; (3) whether
   the two actions involve infringement of the same right; and (4) whether the
7  two actions arise out of the same transactional nucleus of facts.

8  *Id.*

9  Federal courts also "regularly turn[] to the Restatement (Second) of Judgments"

10  for assistance in evaluating preclusion.  *B & B Hardware*, 135 S. Ct. at 1303.  What

11  constitutes a "claim" or "action" is "determined pragmatically, giving weight to such

12  considerations as whether the facts are related in time, space, origin, or motivation,

13  whether they form a convenient trial unit, and whether their treatment as a unit conforms

14  to the parties' expectations or business understanding or usage."  Restatement (Second)

15  of Judgments § 24.  In addition to actual claims a party asserted in the previous action,

16  claim preclusion also "prohibits lawsuits on any claims that . . . could have been raised in

17  a prior action."  *Stewart*, 297 F.3d at 956.

18  Dismissal with prejudice constitutes a final judgment on the merits.  *Id.*  "Unless

19  the court in its order for dismissal otherwise specifies, a dismissal . . . other than a

20  dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under

21  Rule 19, operates as an adjudication upon the merits."  Fed. R. Civ. P. 41(b).

22  Accordingly, a prior judgment does not preclude a future suit "[w]hen the [prior]

1    judgment is one of dismissal for lack of jurisdiction." Restatement (Second) of

2    Judgments § 20(b).

3         *Alperovich I* precludes Ms. Grant's federal claims in this case. The federal district

4    court for the Western District of Washington properly exercised federal question

5    jurisdiction over Ms. Grant's lawsuit. The court's judgment against Ms. Grant on her

6    federal claims was on the merits because the court granted summary judgment for

7    Medical Defendants and dismissed Ms. Grant's claims with prejudice. *Alperovich I*, Dkt.

8    ## 149-50, 169, 180-81, 221-24. Medical Defendants are the same defendants that Ms.

9    Grant sued in *Alperovich I*.

10        Moreover, Ms. Grant's claim in this case is the same as in *Alperovich I* for

11   preclusion purposes because it arises out of the "same transactional nucleus of facts" and

12   "the facts are related in time, space, origin, or motivation." *Littlejohn*, 321 F.3d at 920;

13   *see also* Restatement (Second) of Judgments § 24. In *Alperovich I*, Ms. Grant alleged

14   that:

15   • Medical Defendants caused her injury for nine months after her gastric bypass

16     surgery, *Alperovich I*, Plaintiff's Third Amended Complaint (Dkt. # 62) at 1-5;

17   • Ms. Grant only obtained relief once she received corrective surgery in New York,

18     New York in February 2010, *id.* at 5-10;

19   • Medical Defendants "implemented a treatment plan of [p]lacating" Ms. Grant, *id.*

20     at 6;

21   • Medical Defendants improperly diagnosed Ms. Grant with thrush, *id.* at 7;

22   • Medical Defendants failed to review Ms. Grant's records that would have revealed

1    a gastric hernia, *id.* at 8; and

2    • Medical Defendants discriminated against Ms. Grant based on her age and race,

3       *id.* at 9.

4    Ms. Grant makes the same allegations in the case at bar. (*See* SAC at 7-14); *see also*

5    *supra* § II.B.[6]

6       Finally, Medical Defendants' rights will be impaired if Ms. Grant's claims are

7    allowed to go forward. Medical Defendants have obtained final and valid judgments that

8    would be rendered meaningless if Ms. Grant were allowed to relitigate her federal claims.

9       The *Alperovich I* court granted summary judgment to Medical Defendants on all

10   of Ms. Grant's federal claims and dismissed those claims with prejudice, which

11   constitutes a final judgment on the merits.[7] *See Alperovich I*, Dkt. ## 149-50, 169,

12   180-81, 221-24. Ms. Grant's federal claims in the present case are the same as her claims

13   in *Alperovich I*, and therefore she cannot relitigate the same federal claims in this court.

14   _____

15      [6] The *Alperovich I* court construed Ms. Grant's federal claims to fall under Titles II, VI,
     and XI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a, 2000c, 2000h; the Age

16   Discrimination Act of 1975, 42 U.S.C. § 6101; civil rights statutes, 42 U.S.C. §§ 1983, 1985;
     Titles II and III of the Americans with Disabilities Act, 42 U.S.C. §§ 12132, 12182; the Health

17   Insurance Portability and Accountability Act of 1986, Pub. L. 104-191, 110 Stat. 1936; and a
     health care fraud statute, 18 U.S.C. § 1349. *See Alperovich I*, 4/2/14 Order (Dkt. # 224). The
     court also construed Ms. Grant's allegations to include state law defamation, libel, and slander

18   claims. *Id.* Ms. Grant lists several of the same sources of law in her second amended complaint.
     (SAC at 4.) This overlap further indicates that Ms. Grant has re-filed a nearly identical lawsuit

19   with respect to Medical Defendants.

20      [7] *Alperovich I* is currently on appeal in the Ninth Circuit, No. 14-35288, which is the
     proper venue for Ms. Grant to pursue her objections to *Alperovich I*. *See Tripati v. G.L.*

21   *Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) (quoting 18 C. Wright, A. Miller & E. Cooper,
     *Federal Practice and Procedure* § 4433 (1981)) ("The established rule in the federal courts is

22   that a final judgment retains all of its [*res judicata*] consequences pending decision of the
     appeal . . . .").

1        2.  Claim Preclusion Based on *Alperovich II*

2        The *Alperovich I* court dismissed Ms. Grant's state law claims for lack of subject

3  matter jurisdiction.  *See Alperovich I*, Dkt. ## 149-50, 169, 180-81, 221-24.  Because

4  dismissal on jurisdictional grounds is not "on the merits," the judgment in *Alperovich I*

5  does not bar Ms. Grant's state law claims.  However, a state trial court dismissed with

6  prejudice Ms. Grant's claims against Medical Defendants except for UWMED

7  Defendants and VMC Defendants, and the *Alperovich II* court upheld that dismissal.[8]

8  *Alperovich II* at 3.  The superior court dismissed UWMED Defendants and VMC

9  Defendants on jurisdictional grounds.  *Id.* at 4.

10       The Full Faith and Credit Act "requires a federal court to look first to state

11 preclusion law in determining the preclusive effects of a state court judgment." *Marrese*,

12 470 U.S. at 381; *see also* 28 U.S.C. § 1738.  "The concerns of comity reflected in § 1738

13 generally allow States to determine the preclusive scope of their own courts' judgments."

14 *Marrese*, 470 U.S. at 385.  Under Washington State law, claim preclusion requires a final

15 judgment on the merits and the same "(1) subject matter; (2) cause of action; (3) persons

16 and parties; and (4) . . . quality of the persons for or against whom the claim is made."

17 *Schoeman v. N.Y. Life Ins. Co.*, 726 P.2d 1, 3 (Wash. 1986).  Washington courts

18 determine whether the cause of action is the same by analyzing

19            (1) [w]hether rights or interests established in the prior judgment would be
             destroyed or impaired by prosecution of the second action; (2) whether
20           substantially the same evidence is presented in the two actions; (3) whether

21
          _____

22        [8] The court refers to the appellate decision rather than the trial court's orders because
     the appellate court's decision compiles the relevant facts and issues particularly clearly and
     concisely.

1    the two suits involve infringement of the same right; and (4) whether the
     two suits arise out of the same transactional nucleus of facts.

2

3    *Norco Constr., Inc. v. King Cty.*, 721 P.2d 511, 513 (Wash. 1986).  These factors are

     identical to the factors the Ninth Circuit applies.  *See Littlejohn*, 321 F.3d at 920.

4

5        Unless a court specifies, dismissal for lack of jurisdiction is without prejudice and

     is not a final judgment on the merits.  *See Scott v. Goldman*, 917 P.2d 131, 135 (Wash.

6

7    Ct. App. 1996) (quoting Wash. Super. Ct. Civ. R. 41(b)(3)) ("'Unless the court in its

     order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of

8

9    jurisdiction . . . operates as an adjudication upon the merits.'").  "Proper service of

     process 'is essential to invoke personal jurisdiction over a party.'"  *In re Estate of*

10

11   *Kordon*, 137 P.3d 16, 18 (Wash. 2006), as amended (July 24, 2006) (quoting *In re*

     *Marriage of Markowski*, 749 P.2d 754, 755 (Wash. Ct. App. 1988)).

12

13       The *Alperovich II* court affirmed summary judgment for Mr. Hori, FHS

     Defendants, VMHS Defendants, and PMC Defendants.  *Alperovich II* at 3.  These

14

15   defendants are entitled to prevail on the basis of claim preclusion here because the

     defendants are the same, they received a final judgment on the merits, and the subject

16

17   matter of the two suits is nearly identical.[9]  (*Compare* SAC at 7-14 *with* Appellant's

     Brief, *Alperovich II* (Dkt. # 1-3) at 13); *supra* § III.B.1.  VMC Defendants argue that

18

19   _____

20       [9] Some Medical Defendants argue that statutes of limitations further bar Ms. Grant's state
     law claims.  (*See* VMHS MTD at 8-9); *see also* RCW 4.26.350 (three-year limitation on medical
     tort claims); RCW 4.16.100(1) (two-year limitation on libel and slander claims).  The majority of
21   Ms. Grant's claims appear to originate in 2009, although some claims potentially originate in
     2010.  (*See* SAC at 7-14.)  However, given that claim preclusion bars Ms. Grant's state law
22   claims against the parties that raised statute of limitation defenses, the court declines to express
     an opinion on the defendants' statute of limitations defenses.

1    claim preclusion bars Ms. Grant's state law claims against them as well, because those

2    claims "could have been raised in a prior action" and because the claims "received a final

3    adjudication on the merits." (VMC MTD at 5.)  However, Ms. Grant's state law claims

4    did not receive a final adjudication on the merits with regard to VMC Defendants because

5    the *Alperovich II* court dismissed VMC Defendants without prejudice for lack of

6    jurisdiction.  *Alperovich II* at 4.  For that reason, claim preclusion does not bar Ms.

7    Grant's state law claims against VMC Defendants.

8    **C.    Supplemental Jurisdiction Over Remaining State Law Claims**

9         "The district courts may decline to exercise supplemental jurisdiction over a

10   claim . . . if . . . the district court has dismissed all claims over which it has original

11   jurisdiction." 28 U.S.C § 1367(c)(3).  "[I]n the usual case in which all federal-law claims

12   are eliminated before trial, the balance of factors . . . will point toward declining to

13   exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v.*

14   *Cohill*, 484 U.S. 343, 350 n.7 (1988).

15        In this order, the court dismisses Ms. Grant's federal claims against FHS

16   Defendants, VMC Defendants, VMHS Defendants, PMC Defendants, and Mr. Hori.

17   Additionally, the court dismisses Ms. Grant's state law claims against FHS Defendants,

18   VMHS Defendants, PMC Defendants, and Mr. Hori.  Of Ms. Grant's claims against

19   moving defendants, the only claims that remain are Ms. Grant's state law claims against

20   //

21   //

22   //

1  VMC Defendants.[10]  The court therefore exercises its discretion under 28 U.S.C.

2  § 1367(c)(3) and dismisses Ms. Grant's state law claims against VMC Defendants.[11]

3  **D.     Leave to Amend**

4        When a court dismisses a *pro se* plaintiff's complaint, leave to amend is

5  mandatory unless it is absolutely clear that amendment could not cure the defects in the

6  complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  "A district court,

7  however, does not abuse its discretion in denying leave to amend where amendment

8  would be futile," *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002), or

9  when it dismisses under 28 U.S.C. § 1915(d) a complaint "that merely repeats pending or

10 previously litigated claims," *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995).

11       The information before the court indicates that Ms. Grant's second amended

12 complaint is nothing more than a re-filing of her previous lawsuits.  Ms. Grant alleges

13 facts that are nearly identical to the facts in *Alperovich I* and *Alperovich II*.  (*See* SAC at

14 7-14); *supra* §§ III.B.1, III.B.2.  Additionally, Ms. Grant appears to acknowledge that her

15       _____

16

17       [10] VMC Defendants did not raise a statute of limitations defense in their motion, so the
   court does not consider whether a statute of limitations bars Ms. Grant's state law claims against
18 VMC Defendants.  (*See generally* VMC MTD); *see also Clark-Kunzl Co. v. Williams*, 469 P.2d
   874, 878 (Wash. 1970) (explaining that a statute of limitations is an affirmative defense);
19 *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547 (9th Cir. 2013) (citing Fed. R. Civ. P. 8(c))
   ("[T]he statute of limitations is an affirmative defense that must be pled and proved by the party
   asserting it.")

20       [11] Several Medical Defendants requested monetary sanctions under Federal Rule of Civil
21 Procedure 11.  (*See* FHS Mot. at 3-4; VMHS MFS.)  FHS Defendants also seek "an order that
   prevents the plaintiff from filing additional lawsuits without prior permission of the [c]ourt."
22 (FHS Mot. at 4.)  The court denies the defendants' requests for sanctions but cautions Ms. Grant
   that repeatedly filing the same lawsuit after it has been dismissed may result in sanctions.

1    claims are based on the same set of facts she alleged in her previous lawsuits. (*See* Resp.

2    to UWMED MSJ at 2 ("Was the claim decided in the prior suit the same claim being

3    presented in the action [in] question? Yes."); SAC at 4 ("Ms. Grant's legal cause of

4    action, before this said court, arose out of her superior court complaint . . . ."), 3

5    (devoting an entire page to "previous lawsuits" against the same defendants); Resp. to

6    Hori MTD at 2 ("As of March 14, 2016, her civil rights case against medical defendants

7    remains pending before the 9th Circuit."); *id.* ("Defendant Hori's medical duties owed to

8    Plaintiff, according to Washington States ('WA') standards of care; as an Infectious

9    Disease doctor in his care w[ere] raised in State court and are now before this said

10   court.").)

11          Amendment would be futile if Ms. Grant's claims cannot survive Medical

12   Defendants' claim preclusion defense, which appears to be the case.  However, the court

13   cannot deny leave to amend unless it is "absolutely clear that no amendment can cure the

14   defect." *Lucas*, 66 F.3d at 248.  Accordingly, the court defers ruling on whether to allow

15   Ms. Grant leave to amend and orders Ms. Grant to show cause why the court should not

16   dismiss her claims without leave to amend.[12]  In her filing, Ms. Grant should address (1)

17   what claims Ms. Grant included in this action that she did not include in *Alperovich I* and

18   *Alperovich II*; (2) why the claims in this action are not barred by claim preclusion due to

19   *Alperovich I* and *Alperovich II*; and (3) whether Ms. Grant can amend the complaint to

20   state a valid claim. *See Miljkovic v. Winter*, No. CIV 08-00515 JMS/LEK, 2008 WL

21   _____

22   [12] In light of the analysis herein, the court stays Ms. Grant's motion for summary
     judgment (Grant MSJ (Dkt. # 98)) until Ms. Grant responds to the court's order to show cause.

1  5231798, at *3 (D. Haw. Dec. 8, 2008) (ordering a *pro se* plaintiff to show cause that his

2  claims were not barred by claim preclusion before deciding whether to grant leave to

3  amend).  Ms. Grant must submit this information within 20 days of the date of this order.

4  If Ms. Grant does not timely comply with this order, the court will deny leave to amend.

5                              IV.    CONCLUSION

6        The court GRANTS the following motions:  Mr. Hori's motion to dismiss (Dkt.

7  # 45); Mr. Thirlby and Virginia Mason Health System's motion to dismiss (Dkt. # 47);

8  and Ms. Krishnamurthy, Mr. Ludwig, Ms. Oswald, Pacific Medical Center, Inc., and U.S.

9  Family Health Plan at Pacific Medical Center's motion to dismiss (Dkt. # 55).  The court

10  GRANTS IN PART and DENIES IN PART Mr. Alperovich and Franciscan Health

11  System's motion (Dkt. # 46) and Mr. Nguyen and Valley Medical Center's motion to

12  dismiss (Dkt. # 43).  The court DENIES Mr. Thirlby and Virginia Mason Health

13  System's motion for sanctions (Dkt. # 48).  The court DENIES Ms. Grant's motion to

14  compel (Dkt. # 75).  The court DEFERS ruling on the University of Washington and Ms.

15  Pulling's motion for summary judgment (Dkt. # 91).  The court STAYS Ms. Grant's

16  motion for summary judgment (Dkt. # 98).  The court DISMISSES Ms. Grant's second

17  amended complaint as to all Medical Defendants except University of Washington and

18  Ms. Pulling (Dkt. # 11).  The court ORDERS Ms. Grant to show cause within 20 days of

19  //

20  //

21  //

22  //

1 | the date of this order why amendment would not be futile.

2 |     Dated this 9th day of May, 2016.

3

4

        JAMES L. ROBART
        United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 19