UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA A. GRANT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CLAUDIO GABRIEL<br>ALPEROVICH, et al.,<br><br>　　　　　　Defendants. | CASE NO. C15-1713JLR<br><br>ORDER |

## I.　INTRODUCTION

This matter comes before the court on Defendants Michele Pulling and the University of Washington School of Medicine's (collectively, "UWMED Defendants") motion for summary judgment (MSJ (Dkt. # 91)) and the court's May 9, 2016, order to show cause (5/9/16 Order (Dkt. # 100)). Ms. Grant opposes UWMED Defendants' motion, and UWMED has filed a reply memorandum. (MSJ Resp. (Dkt. # 97); MSJ Reply (Dkt. # 99).) Having considered the submissions of the parties, the appropriate

ORDER- 1

portions of the record, and the relevant law, the court GRANTS UWMED Defendants' motion for summary judgment and DISMISSES Ms. Grant's claims against all remaining defendants without leave to amend.

## II. BACKGROUND[1]

In its May 9, 2016, order, the court granted motions to dismiss by 12 of the 14 defendants that remained parties to this action: (1) Triet M. Nguyen, (2) Valley Medical Center, (3) Michael K. Hori, (4) Claudio Gabriel Alperovich, (5) Franciscan Health System, (6) Richard C. Thirlby, (7) Virginia Mason Health System, (8) Shoba Krishnamurthy, (9) Richard Ludwig, (10) Lisa Oswald, (11) Pacific Medical Center, Inc., and (12) U.S. Family Health Plan at Pacific Medical Center (collectively, "Dismissed Medical Defendants"). (5/9/16 Order at 1-2, 18-19.) The court dismissed those defendants after concluding that Ms. Grant's claims against Dismissed Medical Defendants were precluded by two prior lawsuits based on identical facts. (*Id.* at 9-12 (dismissing state law claims based on prior state court judgment on the merits), 13-15 (dismissing federal claims based on prior federal court judgment on the merits); *see also Grant v. Alperovich* ("*Alperovich I*"), No. C12-01045RSL (W.D. Wash. 2014) (Dkt. ## 149-50, 169, 180-81, 221-24) (dismissing with prejudice Ms. Grant's federal claims against Medical Defendants and declining to exercise supplemental jurisdiction over her state law claims), *appeal docketed*, No. 14-35288 (9th Cir. 2014); *Grant v. Alperovich*

---

[1] The court has recently provided an extensive summary of the procedural and factual history of this case, including a liberal construction of Ms. Grant's allegations. (5/9/16 Order at 3-7.) This background section addresses only the subsequent case developments pertinent to this order.

ORDER- 2

("*Alperovich II*"), No. 69643-2 (Wash. Ct. App. 2014) (affirming dismissal of Ms. Grant's claims against Medical Defendants), *cert. denied*, No. 90429-4 (Wash. 2014).

The court applied the liberal standard favoring leave to amend, which has particular force when applied to a *pro se* complaint. (*See* 5/9/16 Order at 16 (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)).) However, based in part on Ms. Grant's acknowledgements in her briefing, the court concluded that "Ms. Grant's second amended complaint [was] nothing more than a re-filing of her previous lawsuits." (*Id.* at 16-17.) The court therefore concluded that Ms. Grant's complaint "merely repeats pending or previously litigated claims," and that leave to amend was unwarranted. (*Id.* at 16 (quoting *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995)), 17 ("Amendment would be futile if Ms. Grant's claims cannot survive Medical Defendants' claim preclusion defense, which appears to be the case.").)

However, in light of Ms. Grant's *pro se* status and the opacity of her filings, the court provided one additional opportunity for Ms. Grant to explain how further amendment could demonstrate that her claims were not precluded by *Alperovich I* and *Alperovich II*. (*Id.* at 17.) The court deferred ruling on leave to amend and ordered Ms. Grant to show cause why the court should not dismiss her case based on claim preclusion. The court's order contained specific instructions regarding the showing necessary to avoid dismissal:

> Ms. Grant should address (1) what claims Ms. Grant included in this action that she did not include in *Alperovich I* and *Alperovich II*; (2) why the claims in this action are not barred by claim preclusion due to *Alperovich I* and *Alperovich II*; and (3) whether Ms. Grant can amend the complaint to state a valid claim.

ORDER- 3

(*Id.*; *see also id.* at 8-11 (explaining the law of claim preclusion).) Despite these clear instructions, Ms. Grant failed to timely respond to the order to show cause.[2] (*See* Dkt.)

In its May 9, 2016, order, the court deferred ruling on UWMED Defendants' motion for summary judgment pending Ms. Grant's response to the order to show cause. (5/9/16 Order at 2 n.1, 17 n.12.) That motion makes the same arguments as Dismissed Medical Defendants' motions to dismiss—that claim preclusion and the applicable statute of limitations bar Ms. Grant's claims. (MSJ at 6-10.) Ms. Grant alleges that Ms. Pulling was Ms. Grant's gastroenterologist and that Ms. Pulling played a role in denying Ms. Grant's requests for medical information, failing to inform her of a 2009 hernia diagnosis, prescribing antidepressants as medication for "smooth throat muscles," and failing to inform her of "placation treatment." (2AC (Dkt. # 11) at 9-10.) Ms. Grant does not list any specific allegations against the University of Washington School of Medicine, which was Ms. Pulling's employer at the time of the events in question. (*Id.* at 14.) The factual allegations against Ms. Pulling in *Alperovich I* mirror those in the present case. *Alperovich I*, Dkt. # 224 at 2-3.

UWMED Defendants' motion for summary judgment and the court's deferred determination of whether to grant leave to amend are now before the court.

---

[2] Ms. Grant's only filing prior to the court's 20-day deadline to respond was a motion to disqualify the court for bias and partiality. (Recusal Mot. (Dkt. # 101).) The court denied that motion and, pursuant to Local Civil Rule 3(e), referred the motion to the Chief Judge of the Western District of Washington. (Order Denying Recusal (Dkt. # 103).) Chief Judge Ricardo S. Martinez affirmed this court's denial of Ms. Grant's request for recusal. (Order Affirming Denial of Recusal (Dkt. # 104).)

ORDER- 4

### III. ANALYSIS

**A. UWMED Defendants' Motion for Summary Judgment**

1. <u>Legal Standard</u>

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing that there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. The non-moving party may do this by use of affidavits (or declarations), including his or her own, depositions, and answers to interrogatories or requests for admissions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court may only consider admissible evidence when ruling on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773-75 (9th Cir. 2002). "Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid summary judgment." *Estrella v. Brandt*, 682 F.2d 814, 819-20 (9th Cir. 1982); *see also Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d

1074, 1078 (9th Cir. 2003) ("Conclusory allegations unsupported by factual data cannot defeat summary judgment.").

The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007). Only disputes over the facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As framed by the Supreme Court, the ultimate question on a summary judgment motion is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

    2. <u>Claim Preclusion Bars Ms. Grant's Federal Claims</u>

UWMED Defendants argue that *Alperovich I* entitles them to summary judgment on the basis of claim preclusion. (MSJ at 9-10.) The court in *Alperovich I* construed Ms. Grant's federal claims against Ms. Pulling and concluded that Ms. Pulling was entitled to summary judgment on all of those claims. *Alperovich I*, Dkt. # 224 at 4-10; *see also id.* at 10 n.1 (warning Ms. Grant that "the doctrine of res judicata . . . precludes litigation in a subsequent action of any claims that were raised or could have been raised in a prior

ORDER- 6

action"). After granting summary judgment in favor of Ms. Pulling on Ms. Grant's federal claims, the *Alperovich I* court declined to exercise supplemental jurisdiction over Ms. Grant's state law claims. *Id.* at 11.

UWMED Defendants' motion and Ms. Grant's response demonstrate that UWMED Defendants are entitled to summary judgment as to Ms. Grant's federal claims on claim preclusion grounds. In federal court, federal procedural common law governs the preclusive effect of a prior federal court judgment decided on federal question grounds. *See, e.g., Stewart v. U.S. Bancorp*, 297 F.3d 953, 955 (9th Cir. 2002) (affirming application of federal preclusion rules to a prior federal court judgment). Under federal common law, a final judgment on the merits precludes a future suit if the judgment was rendered by a court of competent jurisdiction, the parties are identical or in privity, and the cause of action is the same. *See Littlejohn v. United States*, 321 F.3d 915, 920 (9th Cir. 2003).

The federal district court for the Western District of Washington properly exercised federal question jurisdiction over Ms. Grant's prior lawsuit against Ms. Pulling. The court's judgment against Ms. Grant on her federal claims was on the merits because the court granted summary judgment for Ms. Pulling and dismissed Ms. Grant's claims with prejudice. *See Alperovich I*, Dkt. # 224. Ms. Pulling was a defendant in the prior action and is in privity with the University of Washington School of Medicine. *See id.* at 1; *United States v. Bhatia*, 545 F.3d 757, 759-60 (9th Cir. 2008). Finally, as the second amended complaint's allegations make clear and Ms. Grant's briefing confirms, Ms. Grant's case against Ms. Pulling arises from identical facts as those underlying Ms.

ORDER- 7

Grant's prior suits. (*Compare* 2AC *and* MSJ Resp. at 4-5 *with Alperovich I* at 4-10; *see also* MSJ Resp. at 2.)

Neither Ms. Grant's response to the motion for summary judgment nor any other filing or evidence Ms. Grant has placed in the record raises a genuine dispute as to this showing by UWMED Defendants. Ms. Grant's response to UWMED Defendants' claim preclusion defense addresses only *Alperovich II*—the state court action—and consists only of conclusory statements that claim preclusion is inapplicable. (MSJ Resp. at 2-3.) However, as the court concluded above, *Alperovich I* meets the elements of claim preclusion as to Ms. Grant's federal claims against UWMED Defendants. *Alperovich I*, Dkt. # 224 at 11.

Having concluded that all elements of federal claim preclusion are present, the court grants summary judgment in favor of UWMED Defendants on Ms. Grant's federal claims.

3. <u>The Court Declines to Exercise Supplemental Jurisdiction Over Ms. Grant's State Law Claims</u>

Having dismissed all of Ms. Grant's federal claims against UWMED Defendants, the court declines to exercise supplemental jurisdiction over her state law claims.[3] *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) ("[O]nce the district

---

[3] The court notes that Ms. Grant's state law claims also appear to be barred by the statute of limitations. (*See* MSJ at 6-7; *see also* 2AC at 8; 5/9/16 Order at 4 (liberally construing Ms. Grant's allegations to cover a nine-month period beginning in 2009)); RCW 4.16.350 (setting a three-year statute of limitations for any "[a]ction for injuries resulting from health care or related services"); RCW 4.16.080(2) (setting a three-year statute of limitations for "[a]n action for taking, detaining, or injuring personal property, . . . or for any other injury to the person or rights of another not hereinafter enumerated").

ORDER- 8

court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining state claims.").

B.    **Amendment of Ms. Grant's Complaint Would be Futile**

In its May 9, 2016, order, the court concluded that because Ms. Grant was apparently pursuing claims she had litigated and lost on the merits in a prior lawsuit, amendment would be futile. (5/9/16 Order at 17.) However, in consideration of Ms. Grant's *pro se* status, the court nonetheless ordered Ms. Grant to show cause why amendment would not be futile. (*Id.*) The court gave precise instructions to Ms. Grant regarding what she needed to demonstrate in order for the court to grant leave to amend. (*Id.*)

Ms. Grant failed to timely respond to the court's order to show cause. (*See* Dkt.) Since the deadline to show cause, Ms. Grant has filed multiple "replies," none of which address the issues the court identified in its order to show cause. (*See* Dkt. ## 105, 107.) Indeed, those replies further demonstrate that Ms. Grant's claims in this case are identical to those she has previously litigated against Dismissed Medical Defendants in prior cases. (*See, e.g.*, 2d Reply re Recusal (Dkt. # 107) at 2-3 (referring this court to Ms. Grant's filings in previous cases for legal authority and factual background applicable to this case), 8 n.6 ("Note: Plaintiff's civil rights complaint against the Medical Defendants remains before the Ninth Circuit Court of Appeals, in San Francisco, CA.").)

The court has provided Ms. Grant "a considerable degree of leeway in her pleadings and has done everything reasonably and legally possible to permit her to move

ORDER- 9

her case forward." (Order Affirming Denial of Recusal at 3.) However, as her own filings confirm, Ms. Grant has already litigated on the merits her federal claims and at least the majority of her state law claims against Dismissed Medical Defendants. (See 5/9/16 Order at 15-16 (collecting Ms. Grant's indications confirming that she is pursuing the same claims here as in her prior cases).) *Alperovich I* is now on appeal in the Ninth Circuit Court of Appeals, and that direct appeal is the proper avenue for Ms. Grant to pursue her federal claims.[4] (*See id.* at 12 n.7.)

Ms. Grant's complaint "merely repeats pending or previously litigated claims." *Cato*, 70 F.3d at 1105. Accordingly, the court concludes it is absolutely clear that Ms. Grant could not cure her claims against Dismissed Medical Defendants via amendment and denies her leave to amend.

## IV.   CONCLUSION

Based on the foregoing analysis, the court GRANTS UWMED Defendants' motion for summary judgment (Dkt. # 91) and DENIES Ms. Grant leave to amend her claims against Dismissed Medical Defendants. The court DISMISSES WITH PREJUDICE Ms. Grant's federal claims against Dismissed Medical Defendants and UWMED Defendants, and Ms. Grant's state claims against Michael K. Hori, Claudio Gabriel Alperovich, Franciscan Health System, Richard C. Thirlby, Virginia Mason Health System, Shoba Krishnamurthy, Richard Ludwig, Lisa Oswald, Pacific Medical

---

[4] The court reiterates its previous warning to Ms. Grant that "repeatedly filing the same lawsuit after it has been dismissed [on the merits] may result in sanctions." (5/9/16 Order at 16 n.11.)

ORDER- 10

Center, Inc., and U.S. Family Health Plan at Pacific Medical Center. The court declines to exercise supplemental jurisdiction over and DISMISSES WITHOUT PREJUDICE Ms. Grant's state law claims against Mr. Nguyen, Valley Medical Center, Ms. Pulling, and the University of Washington School of Medicine. Finally, the court DIRECTS the Clerk to terminate this case.

Dated this 7th day of June, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 11